562 P.2d 395

The Honorable James M. SMITH, Magistrate of the City Court, the Honorable Rodger A. Golston, Chief Magistrate of City Court, the City Court of Phoenix, and the STATE of Arizona, Real Party In Interest, Appellants,

v.

Palmer GANSKE, Appellee.

No. 1 CA–CIV 3417.

Court of Appeals of Arizona,
Division 1,
Department C.

Feb. 15, 1977.

Rehearing Denied March 23, 1977.

Review Denied April 5, 1977.

Andy Baumert, City Atty. by Geoffrey T. Jones, Asst. City Atty., Phoenix, City of Phoenix, for appellants.

Minne & Sorenson by Roger J. Blake, John W. Rood, Phoenix, for appellee.

OPINION

JACOBSON, Presiding Judge.

This is a companion case to and raises basically the same issues as presented in the case of *Smith v. Cada*, 114 Ariz. 510, 562 P.2d 390 (1 CA–CIV 3403), filed this date, that is, does the interference with reasonable efforts to secure independent evidence of sobriety in a drunk driving case deprive the accused of his right to a fair trial?

The factual background under which this issue arises is as follows. Appellee Palmer

Ganske was arrested at approximately 12:04 a. m. and charged with driving a vehicle under the influence of intoxicating liquor, in violation of A.R.S. § 28–692(A); failing to be in a proper position for a right turn at an intersection, in violation of A.R.S. § 28–751.1; and disturbing the peace of the neighborhood, in violation of A.R.S. § 13–371(A)(2). Ganske contacted his attorney by telephone from the Phoenix Tower Police Station and then submitted to a police-administered breathalyzer test and registered an .18% blood alcohol reading. Following Ganske's phone call, his attorney contacted Mrs. Bebe Earley, a friend of Ganske, to arrange bail. Mrs. Earley arrived at the Maricopa County Sheriff's office bail desk approximately three hours after Ganske's arrest and tendered the requisite bail amount as established by the Phoenix Municipal Court master bail schedule. However, the sheriff's office declined to accept the tendered bail amount, advising Mrs. Earley that Ganske was not there. Mrs. Earley's repeated inquiries to the officer as to Ganske's whereabouts were fruitless and Mrs. Earley left the office and returned home. At approximately 5:00 a. m. the same morning she contacted the sheriff's bail desk by telephone and was able to ascertain that Ganske was now on the premises, yet she was advised he would not be available for bail purposes until about 7:00 a. m. At approximately 7:00 a. m. Mrs. Earley returned to the Maricopa County Sheriff's Department bail desk and again tendered the bail amount. However, the amount was not accepted until approximately 8:30 a. m. and appellant Ganske was then released.

During this entire sequence, Ganske was allowed only the single initial telephone call to his attorney in spite of repeated requests and his often expressed wish to check upon the delay in his bail release. These requests along with his repeatedly expressed wish to secure his release in order to effectuate an independent blood test were ignored by the detaining officials.

Subsequently, Ganske brought a special action in Maricopa County Superior Court before he was brought to trial in Phoenix Municipal Court. The Superior Court held that he was deprived of a fair trial because of the denial of the right to bail under A.R.S. § 22–424; and consequently, was unable to make arrangements for independent tests relative to intoxication. A formal judgment made an earlier stay order issued by the court permanent. It is from this judgment that the present appeal lies.

Appellants concede in this case that Ganske is entitled to a reasonable opportunity to attempt to procure independent blood testing in order to prove his sobriety. They argue, however, that having allowed Ganske to call his attorney immediately after his arrest, the opportunity to procure this test was afforded him and the subsequent failure to have the test performed cannot be laid at their doorstep. In this regard, appellants argue that Ganske at that time could have made arrangements to have a doctor come to the jail to take a blood sample and his failure to make these arrangements was of his own choosing. In our opinion, this argument misses the point. At the time he called his attorney, Ganske had made what in his mind and in the mind of his attorney were reasonable arrangements to obtain a blood test, that is, immediate release on bail in order to go to a hospital and obtain the test. It is the interference with these arrangements that gives rise to the claimed denial of "fair-play" in this case, not that he could have pursued other alternatives. As we stated in *Smith v. Cada, supra,* quoting from *In re Martin,* 58 Cal.2d 509, 24 Cal.Rptr. 833, 374 P.2d 801 (1962):

> "Nor are we impressed that an accused, as perhaps in the instant case, might have reached his goal by pursuing a different course. It is sufficient if, in seeking to establish the fact of the alcoholic content of his blood, the authorities, by their actions or regulations, frustrate his reasonable efforts designed to produce probative evidence." *Id.* at 512, 24 Cal.Rptr. at 835, 374 P.2d at 803.

What then is critical is whether Ganske, under the restraint and detention evidenced

here, was afforded a fair chance to obtain independent evidence of sobriety essential to his defense at the only time when it was available. This "chance" in this case was not merely by giving an opportunity to make a phone call. For example, we do not believe that it could be seriously argued that if Ganske had made arrangements by his phone call to have a doctor visit him in jail, the refusal of authorities to allow the doctor to see him, would not result in unreasonable interference with his right to obtain independent evidence of his sobriety.

Rather, we must determine on the facts before us whether the police unreasonably interfered with the arrangements to obtain this independent evidence. In our opinion, such interference is painfully clear. The right to procurement of the necessary independent sobriety test was conditional upon Ganske's speedy achievement of the scheduled bail. Unfortunately, Ganske's bail effort was experiencing inordinate delay. He was provided a single call and not again allowed to determine, from either his attorney or the individual contacted to provide bail, the reason for the delay or whether or not he could in fact make bail for the charged offenses.

 Moreover, the efforts of the person who had arrived at the jail to "spring" him were likewise frustrated—first by being told Ganske was not there (the evidence reveals he had arrived by this time) and subsequently by refusing to accept the tendered bail money until 8:30 in the morning. Consequently, Ganske's opportunity to secure evidence in his behalf dissipated as the alleged alcohol left his system. Accordingly, we are of the opinion that the failure of police authorities to provide Ganske with a "reasonable opportunity" to determine the reason for the delay in making bail or to allow bail to be posted in accordance with the master bail schedule, in order to obtain independent evidence of his sobriety, deprived him of due process of law.

Appellants next contend that they were under no constitutional or statutory obligation to release Ganske on bail at any time earlier than was done in this case. Appellants rely primarily upon Rule 4.1, Rules of Criminal Procedure, 17 A.R.S. and *State v. Mahoney*, 25 Ariz.App. 217, 542 P.2d 410 (1975). We have previously disposed of this argument contrary to appellants' contention in *Smith v. Cada, supra.*

 We therefore hold that the trial court correctly stayed the prosecution in city court of those offenses in which the intoxication of Ganske was the gravamen of the offense. We note, however, that the trial court also stayed the prosecution of Ganske for violation of A.R.S. § 28–751.1 (improper turn) and A.R.S. § 13–371(A)(2) (disturbing the peace). Since evidence of intoxication is not essential to the prosecution of these offenses, we believe the trial court's stay was too broad. Therefore, the trial court's stay of prosecution for violation of A.R.S. § 28–751.1 and A.R.S. § 13–371(A)(2) is reversed and as to these two offenses the matter is remanded with directions to quash the stay previously entered.

SCHROEDER, J., and FROEB, C. J., concurring.