584 P.2d 554

**WESTERN WASTE SERVICE SYSTEMS, INC., an Arizona Corporation and Robert W. Allen, Petitioners,**

v.

**SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF MARICOPA, the Honorable Paul W. La-Prade, Judge of the Superior Court of Maricopa County, Universal Waste Control, a California Corporation, Waste Management, Inc., a Delaware Corporation, Respondents.**

No. 13717.

Supreme Court of Arizona, In Banc.

Sept. 8, 1978.

Meyer & Vucichevich by Henry G. Hester, P. Richard Meyer, Phoenix, for petitioners.

Lewis & Roca by Paul G. Ulrich, Andrew S. Gordon, Arnold L. Rotkin, Phoenix, for respondents Universal Waste Control and Waste Management, Inc.

Cooper & Scarpulla by Josef D. Cooper, Francis O. Scarpulla, James M. Garlock, Karen T. Friedman, San Francisco, Cal., Davich & Pollock by Arthur J. Davich, Phoenix, for amici curiae Standard Glass Co. & Clarence R. Allen dba Lefty's Complete Auto.

John A. LaSota, Jr., Atty. Gen. by David B. Goldstein, Phoenix, for amicus curiae State of Ariz.

STRUCKMEYER, Vice Chief Justice.

This special action was brought to test an order of the Honorable Paul W. LaPrade, Judge of the Superior Court, declaring the triple damage provision of the Arizona Uniform Antitrust Act, A.R.S. § 44–1408(B), unconstitutional. We accepted jurisdiction pursuant to Rules of Procedure for Special Action, 17A A.R.S. The order granting the motion of respondents, Universal Waste Control and Waste Management, Inc., for partial summary judgment is vacated.

Petitioner Western Waste Service Systems, Inc. is engaged in the waste disposal business in the Phoenix metropolitan and adjoining areas. The respondent Universal

Waste Control, a California corporation, is also engaged in the waste disposal business in the Phoenix area. The respondent Waste Management, Inc., a Delaware corporation, is the sole owner of Universal Waste Control. Petitioners' complaint in the Superior Court charged that respondents have monopolized and attempted to monopolize the business of collecting, hauling and disposing of trash, rubbish and other solid waste for commercial and industrial enterprises within the Phoenix metropolitan and adjoining areas by providing their services either free or at a price substantially below cost for the purpose of destroying petitioner and others as competitors and that respondents in concert with others entered into agreements and combinations designed to eliminate competition and destroy petitioner's business. Other specific acts of monopoly are alleged in petitioner's complaint in the Superior Court.

In 1974, by A.R.S. §§ 44–1401 through 44–1413, Arizona adopted the Uniform Antitrust Act. It provides by § 1408(B):

"B. A person threatened with injury or injured in his business or property by a violation of this article may bring an action for appropriate injunctive or other equitable relief, damages sustained and, as determined by the court, taxable costs and reasonable attorney's fees. If the trier of fact finds that the violation is flagrant, it shall increase recovery to an amount not in excess of three times the damages sustained."

Petitioner in the Superior Court seeks to recover its actual damages, attorney's fees and triple damages in accordance with the triple damage provision of the statute. Respondents, defendants in the Superior Court, filed a motion for partial summary judgment on the issue of the constitutionality of A.R.S. § 44–1408(B), asserting that the word "flagrant" was not defined in the statute and the statute was therefore void for vagueness. The Superior Court judge declared that the statute was an unconstitutional delegation of legislative authority, holding:

"The language of Section 44–1408(B) A.R.S., by the Arizona Uniform Antitrust Act, does not have sufficient legal significance to be capable of intelligent execution by the finder of fact regarding what does or does not constitute 'flagrant' conduct."

We think the Superior Court was mistaken.

■ This Court has the power to issue writs of review pursuant to the Constitution, Article 6, § 5, subsec. 4. It will accept jurisdiction and grant relief by way of special action if the issues raised are of sufficient importance to justify the review requested. *Jolly v. Superior Court,* 112 Ariz. 186, 540 P.2d 658 (1975). Jurisdiction was accepted here because we concluded that the trial court's granting of a motion for partial summary judgment is without precedent or support in the law and cannot be justified. Cf. *Nataros v. Superior Court,* 113 Ariz. 498, 557 P.2d 1055 (1976).

■ In *State Tax Commission v. Peck,* 106 Ariz. 394, 395, 476 P.2d 849, 850 (1970), we said:

"The major dispute between the parties here concerns the meaning of the terms 'leasing' or 'renting' as used in § 42–1314, subsec. A, par. 2. The legislature has not defined these terms as they are used in this section, and it does not appear from the context that a special meaning was intended. We must therefore be guided by the ordinary meaning of the words. *State Board of Dispensing Opticians v. Schwab,* 93 Ariz. 328, 380 P.2d 784 (1963); *Arizona State Tax Commission v. First Bank Building Corp.,* 5 Ariz.App. 594, 429 P.2d 481 (1967)."

In the instant case, it is plain at the onset that the word "flagrant" is a word known to men of ordinary intelligence and one of common usage. Nor does it appear that any special meaning was intended by the Legislature.

In Webster's Third New International Dictionary, the meaning of the word "flagrant" is stated to be synonymous with "glaring," "gross" and "rank" and it "may describe offenses or errors so conspicuously or outstandingly bad that it is impossible

not to notice them." The word "flagrant" means conduct which is shocking or outrageous and connotes behavior which is open, notorious or willful in nature. *Caldwell v. England, Dist. of Columbia Court of Appeals,* 200 A 2d 376 (D.C.App.1964).

Respondents' position is that a statute which is so vague that people of ordinary intelligence cannot understand it violates both due process rights and constitutes an impermissible delegation of legislative authority. A statute, however, is only vague if people of ordinary intelligence cannot understand it. This statute in using the word "flagrant" uses a common English word which has a well understood meaning. It permits triple damages for conduct which is shocking, outrageous, or outstandingly bad. The statute is not so vague that people of ordinary intelligence cannot understand it.

Respondents further argue that the basic principle of due process is that an enactment is void for vagueness if its prohibitions are not clearly defined. But § 44–1408(B) does not itself proscribe acts. The prohibited acts are found in § 44–1402 and § 44–1403. In § 44–1402, contracts and combinations between two or more persons in restraint of or to monopolize trade or commerce are forbidden, and in § 44–1403, the establishment, maintenance or use of a monopoly by any person for the purpose of excluding competition or controlling, fixing or maintaining prices is forbidden. By § 44–1408(B), if the prohibited acts are flagrant, that is, glaring, rank, shocking or outrageous, the trier of fact may increase the recovery to the injured person in an amount up to three times the damages sustained.

Respondents urge that the statute contemplates degrees of flagrancy but that it is "ludicrous" to say that conduct could be "a little flagrant," or "extremely flagrant."

* The Oxford English Dictionary, however, gives these examples of the use of the word "flagrant":

"1712 Steele Spect. No. 430 ¶ 3 The Fault I speak of was so very flagrant. * * * 1893 F. Hall in Nation (N.Y.) LVII. 142/2 Nor . . . are his errors less numerous or less flagrant than those of Mr. B."

They argue that since "flagrant" is a superlative, it is not susceptible to modification or qualification.* Admittedly, there are words, like "correct", "accurate", "flawless", "impossible", "perfect", "round", "square", and "stationary", which are not supposed to permit of comparison since they represent the ultimate degree. However, from the nature of its use in § 44–1408(B), "flagrant" was clearly not intended to be such a word. The statute permits an increase in recovery "to an amount not in excess of three times the damages sustained" rather than imposing an arbitrary recovery of three times the actual damages, thereby suggesting that some things may be more or less flagrant than others. Since by allowing a variation or leeway for the trier of fact to impose a different measure of damages for different monopolistic acts, the statute must contemplate that some are more glaring, rank or shocking than others.

Respondents quote from the legislative history of the Uniform Antitrust Act, pointing to the concern of one of the commissioners who said the use of the word "flagrant" "results in, instead of a uniform system of justice, one which depends almost entirely upon the caprice of the individual on the bench." We do not think this argument is of constitutional weight. Punitive damages have historically been assessed by triers of fact and the range of such damages has been dependent upon the personalized assessment by the judge or jury. For similar legislation, see 35 U.S.C.A. § 284 (patent law) and 15 U.S.C.A. § 1117 (federal trademark law). We hold the word "flagrant" is not unconstitutionally vague.

It is ordered that this matter be returned to the Superior Court for further consideration in the light of this opinion.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.

We note also the Constitution of the United States, which commences:

"We the People of the United States, in Order to form a more perfect Union, * *."