675 P.2d 297

**FOREST CITY DILLON, INC., an Ohio corporation, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF PIMA; The Honorable James C. Carruth; and the following real parties in interest: United Sheet Metal of Arizona, Inc., an Arizona corporation; United Pacific Insurance Company, a foreign corporation; Hellmuth, Obata & Kassabaum, a foreign corporation; Norman S. Wright, an Arizona corporation; Marshall Trim Aire, a partnership; Tenaire, Inc., an Arizona corporation; General Air Control, an Arizona corporation, Respondents.**

**No. 2 CA–SA 001.**

Court of Appeals of Arizona, Division 1.

Jan. 10, 1984.

David G. Eisenstein, Tucson, for petitioner.

Shimmel, Hill, Bishop & Gruender, P.C. by Kenneth C. Sundlof, Jr., Phoenix, for respondents United Sheet Metal of Arizona and United Pacific Ins. Co.

Chandler, Tullar, Udall & Redhair by Joe F. Tarver, Tucson, for respondent Hellmuth, Obata & Kassabaum.

Norton, Burke, Berry & French, P.C. by Edward O. Burke, Phoenix, for respondent Norman S. Wright.

Bury & Moeller, P.C. by David C. Bury, J. Emery Barker, Tucson, for respondent Marshall Trim Aire.

Crampton, Woods, Broening & Oberg by James R. Broening, Phoenix, for respondent Tenaire, Inc.

Dennis A. Rosen, Tucson, for respondent General Air Control.

## OPINION

HATHAWAY, Judge.

The sole issue raised in this special action is whether the trial court abused its discretion when it entered an order staying arbitration and denying an application to compel arbitration. We accept jurisdiction here because we conclude that the trial court's denial of the application for arbitration is without precedent or support in the law and cannot be justified. *Western Waste Service Systems, Inc. v. Superior Court,* 120 Ariz. 90, 584 P.2d 554 (1978).

Petitioner was the general contractor for the development of Tucson Mall, a regional shopping mall in Tucson. Respondent United Sheet Metal of Arizona, Inc., (U.S.M.) entered into a subcontract with petitioner to provide labor, material and services with respect to the heating, ventilation and air conditioning system for the project. Respondent United Pacific Insurance Company is the performance bond surety for U.S.M., and U.S.M. utilized respondents Wright, Marshall Trim Aire, Tenaire, Inc. and General Air Control as subcontractors for the project while respondent Hellmuth, Obata & Kassabaum was the architect for the project.

Petitioner alleges that U.S.M. failed to complete its subcontract in a timely manner and in keeping with standards of good workmanship. The contract entered into between petitioner and respondent U.S.M. included paragraph number 26 which read:

### "DISPUTES

If at any time controversy shall arise between the Contractor and the Subcontractor with respect to any matter or thing involved in this Subcontract, and which the parties hereto do not promptly adjust and determine or which the Contractor or his authorized representative cannot decide to the satisfaction of both parties hereto, then the written orders of the Contractor shall be followed and upon completion of the work and before the final settlement and payment is made, said controversy shall be decided by arbitration in Cleveland, Ohio in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then prevailing, unless both parties mutually agree otherwise. This agreement shall be enforceable, and the award rendered by the Arbitrators shall be final, and judgment may be entered thereon."

On July 27, 1983, petitioner filed a demand for arbitration with the American Arbitration Association. Subsequently, U.S.M. filed a complaint in Pima County Superior Court naming petitioner and the other real parties in interest. In response to that complaint, petitioner filed its application for stay pending arbitration, order compelling arbitration or alternatively an answer, counterclaim and third-party complaint. While the arbitration proceedings were continuing toward the goal of an arbitration hearing pursuant to the demand for arbitration made by petitioner, U.S.M. filed its motion for stay or to enjoin arbitration and response to the application to compel arbitration. The arbitration question was argued before the respondent court on October 31, 1983, and the court stayed the arbitration and denied the application to compel arbitration, the rulings giving rise to this special action.

The object of arbitration is to finally dispose of differences between parties in a speedier, less expensive manner than normal court proceedings. *Goldsberry v. Hohn,* 120 Ariz. 40, 583 P.2d 1360 (App. 1978). The public policy of Arizona favors arbitration as a means of disposing of controversy. *Allstate Insurance Company v. Cook,* 21 Ariz.App. 313, 519 P.2d 66 (1974); *Jeanes v. Arrow Insurance Company,* 16 Ariz.App. 589, 494 P.2d 1334 (1972). Contractual rights of the parties should be safeguarded.

Respondent U.S.M. has raised two points to show that the trial court acted correctly in denying the order to compel arbitration: (1) the arbitration clause in the contract was waived by the action of the petitioner, and (2) the petitioner's claim cannot be successfully arbitrated since U.S.M. has

brought several other parties into the dispute with whom the petitioner has no contract.

■ The record belies U.S.M.'s contention that petitioner has waived the arbitration remedy. Applicable language in *EFC Development Corporation v. F.F. Baugh Plumbing & Heating, Inc.,* 24 Ariz.App. 566, 540 P.2d 185 (1975), is helpful:

> "The basis of the finding of waiver of an arbitration provision is the showing of conduct inconsistent with utilization of the arbitration remedy—conduct showing an intent not to arbitrate. (citation omitted.) Inconsistency is usually found from such conduct as preventing arbitration, making arbitration impossible, proceeding at all times in disregard of the arbitration clause, expressly agreeing to waive arbitration, or unreasonable delay. (citation omitted). In view of appellee's prior and subsequent conduct in continually pressing for arbitration, no waiver can be implied...." 24 Ariz.App. at 569, 540 P.2d 185.

U.S.M.'s argument is based on the fact that petitioner, in other Tucson Mall-based litigation, prosecuted a cross claim against U.S.M. and did not seek to have that separately arbitrated. U.S.M. argues that having consented to litigate one claim against U.S.M. before the superior court, it has waived the right to arbitrate any other claims against U.S.M. However, the record in this case shows that petitioner has continuously insisted upon arbitration of any disputes arising out of its subcontract with respondent U.S.M. and no waiver in this case has been shown. Additionally, Division One has held that no waiver can be inferred from either concurrent pursuit of a remedy other than arbitration or from the breach of any other provision of a contract without first asking for arbitration concerning the parties' rights under that provision. *EFC Development Corporation v. F.F. Baugh Plumbing & Heating, Inc., supra.* It is even more obvious that no waiver can be inferred here where any action by petitioner allegedly supporting the waiver occurred in a completely independent action.

■ As to the second point, the fact that additional parties are present in the litigation does not destroy the case for arbitration. Arbitration law requires piecemeal resolution when necessary to give effect to an arbitration agreement. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* —— U.S. ——, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). In that case, the United States Supreme Court held that if the underlying dispute between the construction company and the hospital was arbitrable, then the hospital's other claim with the architect is to be resolved separately—one in arbitration and the other, if it is to be litigated, in state court litigation. The mere fact that U.S.M. believes that the other respondents may be liable to it for damages for which it may be held responsible to petitioner is no reason to deny arbitration. In the event petitioner receives an arbitration award against U.S.M., U.S.M. can continue its litigation against the other respondents who do not have contracts with petitioner, but who contracted with U.S.M. or otherwise owed a duty to U.S.M.

Under A.R.S. § 12–1501, et seq., arbitration agreements are to be upheld and enforced except if grounds exist for revocation of the contract or the right is lost through abandonment, repudiation or waiver. See *Bolo Corporation v. Homes & Son Construction Co.,* 105 Ariz. 343, 464 P.2d 788 (1970). No such exceptions exist herein. Therefore, absent any reason not to enforce the agreement of the parties, the order of the trial court denying arbitration is vacated and it is ordered that petitioner's application for stay pending arbitration and order compelling arbitration is hereby granted.

BIRDSALL, C.J., and HOWARD, J., concur.