## BUREAU OF EMPLOYEE RELATIONS

v.

## MAINE STATE EMPLOYEES ASSOCIATION, SEIU LOCAL 1989.

Supreme Judicial Court of Maine.

Argued March 3, 1994.
Decided April 5, 1994.

---

Robert Moore (orally), Augusta, for plaintiff.

Timothy Belcher (orally), Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

ROBERTS, Justice.

The Bureau of Employee Relations appeals from a judgment entered in the Superior Court (Kennebec County, *Chandler, J.*) denying its motion to vacate an arbitrator's award and granting the motion of the Maine State Employees Association (MSEA) to compel arbitration. The Bureau argues that the parties' dispute, which involves the decision to reclassify a position outside the bargaining unit, is substantively inarbitrable because disputes concerning whether a position is included in the bargaining unit are prescribed and controlled by public law. We conclude that the parties improperly bifurcated the arbitration process, and dismiss the appeal for lack of finality.

The Bureau of Employee Relations is the statutory designee for all matters of employee relations involving the executive branch of state government as a public employer. 26 M.R.S.A. § 979–A(5) (1988 & Supp.1993). The MSEA is the exclusive bargaining representative for public employees in the supervisory services bargaining unit. The collective bargaining agreement between the parties provides that in the event of a disagreement whether a dispute is arbitrable, the arbitrator will make the preliminary decision, and if he determines that the dispute is arbitrable, will resolve it on the merits.

The instant dispute involves the decision to reclassify the position of division director in the Presque Isle office of the Department of Environmental Protection (DEP), classified as part of the bargaining unit, to "Regional Director DEP," classified outside the bargaining unit. The MSEA filed a grievance challenging that decision, and the parties eventually proceeded to arbitration on the sole issue whether the dispute was arbitrable. The arbitrator determined that it was, but, in accordance with the submission of a single issue, did not decide the merits. The Bureau then filed a motion to vacate the award in the Superior Court, and the MSEA filed a cross-motion to compel arbitration. The court denied the Bureau's motion and granted the MSEA's motion, determining that, *inter alia*, the arbitrator's decision was an "award" and therefore subject to the motion to vacate. This appeal followed.

The MSEA agreed to submit the single issue of substantive arbitrability, but now suggests that labeling the arbitrator's decision as an "award" improperly secured immediate review of an interlocutory order. We agree. The effect of the court's ruling was to compel arbitration, and the Uniform Arbitration Act, 14 M.R.S.A. §§ 5927–5949 (1980), does not provide for an interlocutory appeal from such an order. *See* 14 M.R.S.A. § 5945(1)(A) (appeal may be taken from denial of motion to compel arbitration).

The Bureau argues that review is available pursuant to 14 M.R.S.A. § 5945(1)(C), which provides for an appeal from an order confirming an arbitrator's award. The denial of the Bureau's motion to vacate the arbitrator's decision effectively operated as a confirmation thereof. 14 M.R.S.A. § 5938(4). The question presented, however, is whether that decision, limited to whether the dispute was arbitrable, constituted an "award."

The Act does not define "award," stating only that an award must be in writing and signed by the arbitrator. 14 M.R.S.A. § 5934(1). Nonetheless, it clearly contemplates that if an issue is deemed arbitrable, the parties shall proceed to arbitration without first appealing the decision on arbitrability. *See* 14 M.R.S.A. § 5928(1), (2) (in proceedings to compel or stay arbitration, if the court determines that the parties agreed to arbitrate, it shall order arbitration); *id.* § 5945(1) (no provision for appeals from grant of motion to compel arbitration or denial of motion to stay arbitration).

Application of the general principles of finality that govern our cases further convinces us that the arbitrator rendered only a partial decision, not a final "award" as contemplated by the Act. *See Maine Cent. R.R. v. Bangor & Aroostook R.R.*, 395 A.2d 1107, 1112–13 (Me.1978) (applying final judgment rule to arbitration proceedings). In the judicial process, a judgment is final, as opposed to interlocutory, when the trial court "fully decides and disposes of the whole matter," leaving nothing further to be done in the trial court, and "no subsequent proceedings in the case will render the appellate court's decision immaterial." *Berry v. Berry*, 634 A.2d 451, 452 (Me.1993) (quoting *In re Erica B.*, 520 A.2d 342, 343–44 (Me.1987)). Substituting the arbitrator for the trial court, this matter has not been "fully decide[d]." Rather, the merits of the dispute, i.e., whether the position should have been removed from the bargaining unit, have yet to be resolved.

In these circumstances, there is no "award" within the meaning of the Act, and no final judgment. The parties may not circumvent the intent of the Act, or the final judgment rule, by bifurcating the arbitration process. The issue of arbitrability may again be presented to the Superior Court on completion of the arbitration, but this appeal is premature and must be dismissed.

The entry is:

Appeal dismissed.

All concurring.