6 P.3d 768

WESTERN AGRICULTURAL INSURANCE COMPANY, an Arizona corporation, as subrogee for Richard Lewis and Dawn Lewis, husband and wife, Plaintiff–Appellant,

v.

CHRYSLER CORPORATION, a Delaware corporation licensed to do business in the State of Arizona; Tom Jones and Jane Doe Jones, husband and wife d/b/a Jones Auto Center, an Arizona corporation, Defendants–Appellees.

No. 1 CA–CV 99–0451.

Court of Appeals of Arizona, Division 1, Department D.

July 13, 2000.

---

Holloway Odegard & Sweeney, P.C. By Kevin B. Sweeney, Phoenix, for Plaintiff–Appellant.

Kimble, Nelson, Audilett, McDonough & Molla, P.C. By Lawrence McDonough, Negatu Molla, Tucson, for Defendants–Appellees.

## O P I N I O N

WEISBERG, Judge.

¶ 1 In this appeal, we consider whether a court-appointed arbitrator's denial of a motion to compel binding arbitration may be appealed to the superior court. We hold that it can. We also consider whether the subject arbitration agreement controls this dispute

where one of the defendants was not a party to that agreement but the other defendant, who was a party to the agreement, had agreed to indemnify and assume the defense of the first defendant based upon its statutory obligation to do so. We hold that it does.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 A Jeep Grand Cherokee owned by Richard and Dawn Lewis and insured by appellant Western Agricultural Insurance Company ("Western") was destroyed by a fire that started within the vehicle. The vehicle was manufactured by the Chrysler Corporation ("Chrysler") and purchased by the Lewises from Tom Jones Ford ("the dealership"). Western paid $27,056.24 to the Lewises for their damages.

¶ 3 Western, as subrogee for the Lewises, sued Chrysler and the dealership (collectively, "appellees") seeking to recover the amount it had paid as the insurer. Because the amount in controversy was less than $50,000, the case was referred to compulsory, albeit non-binding, arbitration pursuant to Arizona Revised Statutes Annotated ("A.R.S.") section 12–133 and Maricopa County Local Rule of Practice 3.10(a), and an arbitrator was appointed.

¶ 4 Chrysler subsequently agreed to indemnify the dealership and assumed its defense. Appellees then filed a motion to compel binding arbitration pursuant to an arbitration agreement to which Western and Chrysler were parties. Appellees argued that, although the dealership was not a signatory, the arbitration agreement controlled the dispute because Chrysler was indemnifying and defending it. Western responded that the arbitration agreement applied only if all parties in the dispute were signatories. The arbitrator denied the motion.[1]

¶ 5 Appellees then filed an interlocutory appeal in the trial court of the arbitrator's ruling, claiming that the court had jurisdiction pursuant to A.R.S. section 12–2101.01(A)(1). Western disagreed, arguing

that no award existed from which an appeal to the trial court could be taken and that, even if the order could be considered an award for appeal purposes, the twenty-day appeal period had expired before appellees filed their appeal.

¶ 6 The trial court granted the interlocutory appeal, ordering that the case be decided by binding arbitration pursuant to the arbitration agreement. Western timely appealed from that order. **DISCUSSION**

I. APPELLATE JURISDICTION OF THIS COURT

■ ¶ 7 As a preliminary issue, appellees argue that the trial court order is not an order from which an appeal can be taken because it is not final pursuant to Arizona Rule of Civil Procedure 54(b) or A.R.S. section 12–2101. Appellees raised this issue in this court both in a motion to dismiss the appeal and in their brief.

¶ 8 This court has held that an order that compels arbitration, dismisses the arbitrable claims *and* includes a Rule 54(b) certification of finality is appealable. *See Dusold v. Porta–John Corp.*, 167 Ariz. 358, 361, 807 P.2d 526, 529 (1990). Here, the dismissal order compelling arbitration did not contain Rule 54(b) certification. However, the motions panel that previously considered appellees' argument concluded that, if the order were intended to be final, no claims would then remain pending in the trial court. In that event, Rule 54(b) language would be unnecessary and the appeal could proceed. It therefore stayed the appeal and asked the trial court to clarify whether it had intended the order to be a final order of dismissal or an interlocutory order by which it retained jurisdiction over the action.

¶ 9 By minute entry, the trial court explained that the intent of the order was to dismiss the case from further superior court consideration and that there were no further issues pending or parties remaining in the action. Accordingly, appellees' motion to dismiss this appeal was denied, and we need not address the arguments raised in appellees'

---

1. The arbitrator also denied a motion to dismiss that Chrysler filed on behalf of the dealership. That ruling is not at issue in this appeal.

brief concerning our jurisdiction over this appeal. *See Johnson v. Mofford,* 193 Ariz. 540, 546, ¶ 31, 975 P.2d 130, 136 (1998) (appellate court decision is law of the case that binds all courts of same or lower level in subsequent proceedings in same case).

## II. THE APPEAL FROM THE ARBITRATOR'S RULING TO THE SUPERIOR COURT

¶ 10 Western argues that there is no procedural mechanism that allows an appeal to the superior court from the court-appointed arbitrator's denial of a motion to compel arbitration. It maintains that Uniform Rule of Procedure for Arbitration 7(a) ("Rule 7(a)") authorizes an appeal from an arbitrator's ruling only after an award has been entered. Because the arbitrator's decision on the motion was an interlocutory ruling, Western posits that appellees had no immediate right to appeal.

¶ 11 Appellees respond that they were entitled to appeal to the superior court pursuant to A.R.S. section 12–2101.01(A), which provides that "[a]n appeal may be taken from . . . [a]n order denying an application to compel arbitration made under the terms of § 12–1502." We agree with appellees.

¶ 12 Section 12–1502 authorizes a trial court to order that the parties submit to arbitration when they have entered into a written agreement to do so. *See also* A.R.S. § 12–1501 (written agreement to arbitrate present or future controversy is valid, enforceable and irrevocable unless grounds exist for revocation of the agreement). Normally, the denial of such a motion would be the basis of an interlocutory appeal to this court. *See, e.g., Rocz v. Drexel Burnham Lambert, Inc.,* 154 Ariz. 462, 464, 743 P.2d 971, 973 (1987) (denial of a motion to compel arbitration is substantively appealable); *Rancho Pescado, Inc. v. Northwestern Mut. Life Ins. Co.,* 140 Ariz. 174, 181, 680 P.2d 1235, 1242 (1984) (same). Notwithstanding, we conclude that an appeal to the superior court also is contemplated by section 12–2101.01(A).

¶ 13 To begin, we note that A.R.S. section 12–2101, which authorizes appeals in a number of circumstances, provides that appeals "may be taken *to the court of appeals* from

the superior court in the instances specified in this section." A.R.S. § 12–2101(A) (emphasis added). In contrast, A.R.S. section 12–2101.01, which provides for appeals from arbitration rulings, does not specify the court to which such an appeal can be taken. The clear implication of this distinction is that such an appeal can be taken to the superior court. *See City of Flagstaff v. Mangum,* 164 Ariz. 395, 398, 793 P.2d 548, 551 (1990) ("Where the legislature uses a term within one statute and excludes it from another, the term usually will not be read into the provision from which it was excluded.").

¶ 14 Further, we recognize "the strong public policy favoring arbitration as the preferred means of dispute resolution." *Stevens/Leinweber/Sullens, Inc. v. Holm Dev. and Management, Inc.,* 165 Ariz. 25, 29, 795 P.2d 1308, 1312 (1990). Arbitration is favored because it generally disposes of disputes faster and less expensively than normal court proceedings. *See Forest City Dillon, Inc. v. Superior Court in and for Pima County,* 138 Ariz. 410, 411, 675 P.2d 297, 298 (1984).

¶ 15 We presume that the Arizona legislature had that policy in mind when it adopted a statute allowing appeals from the *denial* of a motion to compel arbitration but not from a decision *granting* such a motion. *See* A.R.S. § 12–2101.01(A); *Southern California Edison Co. v. Peabody Western Coal Co.,* 194 Ariz. 47, 52, ¶ 16, 977 P.2d 769, 774 (1999) (arbitration statute expressly permits appeal from order denying arbitration but is silent as to order compelling arbitration); *see also State v. Pennington,* 149 Ariz. 167, 168, 717 P.2d 471, 472 (1985) (legislature presumed aware of existing case law when it enacts statute). Allowing an interlocutory appeal from a decision denying arbitration is reasonably calculated to prevent a case from being decided by the court when, pursuant to agreement of the parties, the dispute should have been decided by arbitration. Accordingly, judicial resources and time are saved if the denial of a motion to compel arbitration is reviewed and reversed before the case proceeds to an unnecessary disposition on the merits in the trial court.

¶ 16 This rationale also holds true in the less common circumstance of a court-appointed arbitrator's denial of an application to compel agreed-upon binding arbitration. Time and resources would be wasted if the arbitrator proceeds with the arbitration and, after the award were entered and appealed, the superior court were to rule that deference to the arbitration agreement was required. Therefore, permitting such an appeal before the arbitrator considers the merits of the case furthers the policy favoring arbitration.

## III. TIMELINESS

¶ 17 Western also argues that appellees' appeal to the trial court was untimely because it was filed more than twenty days after the arbitrator's decision was rendered.[2] *See* Rule 7(a). But we disagree.

■ ¶ 18 Rule 7(a) applies only when the court-appointed arbitrator has entered an award. A decision regarding whether a dispute is arbitrable does not constitute an award. *See Bureau of Employee Relations v. Maine State Employees Ass'n, SEIU Local 1989*, 639 A.2d 638, 640 (Me.1994) (award rendered when arbitrator fully decides and disposes of entire matter on merits). Here, because the arbitrator's decision concerned only the motion to compel arbitration and did not concern the merits of the dispute, it was not an award and Rule 7(a) does not control.

¶ 19 Instead, the appeal from the denial of an application to compel arbitration is governed by A.R.S. section 12–2101.01. That section provides that such an appeal "shall be taken in the manner and to the same extent as from orders or judgments in a civil action." A.R.S. § 12–2101.01(B). A notice of appeal from an order or judgment in a civil action must be filed with the clerk of the superior court no later than thirty days after the entry of the judgment or order from which the appeal is taken unless the law provides for a different time. *See* A.R.C.A.P. 9(a). Therefore, the thirty-day period applies to the appeal to the trial court, making it timely.

## IV. THE ORDER COMPELLING ARBITRATION

■ ¶ 20 Western last argues that the arbitration agreement does not control because the dealership was not a signatory to the agreement. It relies on the provision specifying that when a party to the dispute is not a signatory, that dispute is not subject to the agreement. *See* Arbitration Agreement, Rules and Regulations § 2–6.

¶ 21 Appellees respond that, because Chrysler agreed to defend and indemnify the dealership against Western's claims, it "stands in the shoes" of the dealership, and the dealership is no longer a real party in interest in the dispute. They conclude, and we agree, that the arbitration agreement controls in such circumstances.

¶ 22 Under the first article of the arbitration agreement, signatories are bound to forego litigation and submit to binding arbitration in any dispute that "arise[s] from any automobile physical damages subrogation or property damage claim not in excess of $100,-000." This provision, however, does not apply "to cases in which there are two or more tortfeasors (wrongdoers), one or more of which are not subject to the provisions of the Agreement." *Id.* Rules and Regulations § 2–6.

¶ 23 In July 1998, Chrysler advised Western that it had accepted the liability of the dealership and thus wished to have the dispute arbitrated under the arbitration agreement. Western took the position that, because the dealership was still a defendant, the matter was not subject to binding arbitration.

---

**2.** Western mistakenly argues that the time for appeal should be calculated from the date noted on the decision, November 5, 1998, rather than the date the decision was filed in the superior court, November 12, 1998. However, nothing in the Uniform Rules of Procedure for Arbitration provides that the date on which the arbitrator signs or mails the decision is to be considered the date on which it is filed. Therefore, as is the practice in the superior court for decisions reached by judges, the arbitrator's decision is entered on the date it is filed with the clerk of the superior court, and the time for appeal begins running on that date. However, even counting from November 12, 1998, appellees' appeal was filed twenty-one days after the entry of the decision.

¶ 24 Chrysler therefore presented the dispute to the arbitration agreement administrator, asking whether the matter should be submitted to arbitration because of its indemnification of the dealership. The administrator opined that, because Chrysler had agreed to defend and indemnify the dealership for all claims, the matter was within the agreement's compulsory provisions. He added that the relationship between Chrysler and the dealership was "not unlike the relationship between an insured and their [sic] automobile insurance carrier, which would be required to defend the insured and bear the risk of loss."

■ ¶ 25 Under Arizona law, Chrysler, as the manufacturer, must indemnify the dealership, as the seller, for any judgment rendered against the dealership and reimburse any fees and costs incurred by the dealership in defending the action, unless the dealership knew of the defect in the product or had some fault in causing the incident that is the subject of the action. *See* A.R.S. § 12–684(A); *see also Desert Golf Cars v. Yamaha Motor Co.,* 323 Ariz. Adv. Rep. 18, 19, ¶ 11, 198 Ariz. 103, 7 P.3d 112 (App.2000). Indemnity is an "obligation resting on one party to make good a loss or damage another party has incurred." *INA Ins. Co. of North America v. Valley Forge Ins. Co.,* 150 Ariz. 248, 252, 722 P.2d 975, 979 (1986), (quoting Rossmoor Sanitation, Inc. v. Pylon, Inc., 13 Cal.3d 622, 119 Cal.Rptr. 449, 532 P.2d 97, 100 (1975)). "It permits one defendant to shift the *entire loss* to one who more justly deserves it." *Herstam v. Deloitte & Touche, LLP,* 186 Ariz. 110, 118, 919 P.2d 1381, 1389 (1996) (citing W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 51, at 344 (5th ed.1984)) (emphasis added). Here, Chrysler agreed both to accept the dealership's tender of defense and to indemnify it.[3]

¶ 26 Because Chrysler assumed the burden for the entire loss, it is, for all practical purposes, the only defendant. Accordingly, once Chrysler agreed to indemnify the dealership and assume its defense, Chrysler's attorneys filed a motion to dismiss the dealership from the case. In essence, the dealership has no further interest in the action brought by Western; only Western and Chrysler would be arbitrating the dispute. Therefore, because Chrysler "stepped into the shoes" of the dealership, binding arbitration under the agreement was appropriate.

¶ 27 Notwithstanding, Western also notes that the arbitration agreement excludes from its scope lawsuits that are pending when the agreement is signed. Western reasons that the dealership somehow became a signatory when Chrysler agreed to indemnify it, which was while the lawsuit was pending. But the indemnity relationship did not make the dealership a signatory under the meaning of the arbitration agreement. *See* Arbitration Agreement, Art. Third(e) (agreement administrator must authorize and approve signatories). Therefore, this exception does not apply.

## CONCLUSION

¶ 28 We approve the appeal to the trial court of the arbitrator's interlocutory decision denying the motion to compel binding arbitration and affirm the trial court's dismissal of the lawsuit so that the parties could submit to binding arbitration under the arbitration agreement. Appellees request an award of their attorneys' fees pursuant to A.R.S. section 12–341.01. In our discretion, we deny that request.

CONCURRING: CECIL B. PATTERSON, Jr., Judge, and JON W. THOMPSON, Judge.

---

**3.** Before agreeing to indemnify the dealership, Chrysler investigated whether the dealership had performed any repairs on the vehicle that could have led to the fire. The dealership denied making any repairs in the area where the fire originated, and Chrysler apparently concluded that the dealership was not at fault. We reject West-

ern's contention that Chrysler did not have to indemnify the dealership under A.R.S. section 12–684(A) and note that Western has produced no evidence of independent fault on the part of the dealership that would have excused Chrysler from indemnifying and defending it.