932 P.2d 1345

In the Matter of the NOEL R. SHAHAN IRREVOCABLE AND INTER VIVOS TRUST.

Noel R. SHAHAN, Petitioner/Appellant,

v.

Larry P. STALEY and Kathy Staley, husband and wife, Respondents/Appellees.

No. 2 CA–CV 96–0245.

Court of Appeals of Arizona, Division 2, Department B.

Nov. 29, 1996.

Redesignated as Opinion and Publication Ordered Feb. 5, 1997.

Byrnes & Himelrick, P.L.L.C. by Richard G. Himelrick, Scottsdale, and Michael Salcido, P.C. by Michael Salcido, Scottsdale, for Petitioner/Appellant.

Fennemore Craig, P.C. by Roger T. Hargrove and Mark H. Brain, Phoenix, for Respondents/Appellees.

## OPINION

DRUKE, Chief Judge.

Noel Shahan, a trust beneficiary, appeals from the trial court's order denying his motion to compel arbitration with Larry Staley, a securities broker registered with the National Association of Securities Dealers ("NASD"). Shahan argues that the broker is subject to arbitration under the NASD Code of Arbitration Procedure ("the Code"). Staley counters that he has no obligation to arbitrate with Shahan, chiefly because Shahan has waived his right to arbitration. Staley also argues that Shahan is not his customer and, therefore, cannot avail himself of § 12(a) of the Code that requires NASD members to arbitrate securities disputes with their customers. We agree with Shahan and reverse.

Shahan's father created a trust in 1986, naming Shahan as beneficiary. Richard Echols was named trustee, and Staley was designated successor trustee. On the day the trust was executed, Echols and Staley opened a brokerage account for the trust at Staley's firm. The account, funded with the trust's assets of $300,000, was managed by

Staley. Shahan alleges that Staley mishandled the account, causing it to lose all its assets. Accordingly, in July 1993, Shahan petitioned the superior court to surcharge Echols and Staley for the full amount of the loss. In the petition, Shahan claimed that Staley had breached his fiduciary duty, committed securities fraud, and violated Arizona's racketeering laws.[1] Sometime before April 1994, Echols filed a bankruptcy petition and apparently resigned as trustee.

In April 1994, Shahan suggested to Staley that they arbitrate their dispute under the Code. Staley agreed to consider the offer, but negotiations stalled when Shahan disappeared.[2] When Shahan reappeared in March 1995, the two again talked about arbitration but could not agree on terms. In July 1995, Shahan filed his motion to compel arbitration. In denying the motion, the trial court ruled that Shahan's claims could not be arbitrated because Shahan was not Staley's "customer" under the Code, that some of Staley's allegedly improper conduct had occurred outside the Code's six-year time bar, that Shahan had waived arbitration by filing his surcharge petition in the superior court, and that Staley's wife (named in the petition) could not be compelled to arbitrate. Shahan challenges all these rulings on appeal.[3]

## DISCUSSION

The trial court's review of a motion to compel arbitration is limited to deciding if an arbitration agreement exists. A.R.S. § 12–1502(A). This threshold finding includes deciding whether the party seeking to arbitrate has repudiated or waived his right to arbitration. See *Foy v. Thorp*, 186 Ariz. 151, 920 P.2d 31 (App.1996). In this case, whether the dispute is arbitrable depends on whether it falls within the scope of the Code and, if so, whether Shahan waived his right to proceed under the Code.

---

1. The record shows that Shahan's sister made a similar claim against Staley, and that claim has been settled. The record also shows that Staley has a pending malpractice action against his attorney (not the attorney in this case), alleging in part that his attorney negligently failed to seek NASD arbitration of the sister's claim.

2. The record provides no explanation for Shahan's disappearance.

3. We need not address the ruling on Staley's wife because Shahan has agreed to dismiss her from the arbitration.

### a. The Code

■ Section 12(a) of the Code sets forth the conditions under which an NASD member, such as Staley, may be compelled to arbitrate. It provides that, when a dispute arises between a member and a customer in connection with that member's business, the member is required to arbitrate if the customer so demands. Here, Shahan has demanded arbitration. Accordingly, the disputed issues are whether Shahan is Staley's customer and whether this matter arose in connection with his business.

Staley argues that the trust, not Shahan, was his customer, and therefore, that only Echols, as trustee, could compel him to arbitrate. We disagree. Echols cannot compel Staley to arbitrate because he is no longer trustee and is a named respondent in the surcharge petition. Moreover, Shahan, as trust beneficiary, was the intended third-party beneficiary of the customer agreement between the trust and Staley. Given these circumstances, Shahan may sue Staley on the agreement, *see Hoyle v. Dickinson*, 155 Ariz. 277, 746 P.2d 18 (App.1987) (trust beneficiary may bring action for damages against a trustee or a third person); Restatement (Second) of Trusts §§ 177, 282 (1959), or invoke § 12(a) of the Code to compel Staley to arbitrate. *See Kidder, Peabody & Co., Inc. v. Zinsmeyer Trusts Partnership*, 41 F.3d 861 (2d Cir.1994). Thus, the trial court erred in ruling that Shahan was not Staley's customer under the Code.

■ Although not specifically addressed by the trial court, we also conclude that this dispute arises from Staley's business and activities as a securities dealer. Staley contends otherwise, claiming that this dispute arises from his purported failings as an alleged co-trustee, not as an NASD member. This claim, however, ignores the nature of the arbitration dispute, namely, Staley's alleged mishandling of the trust's securities as a securities dealer. "[T]he NASD rules contemplate arbitration of disputes having to do with the activity they regulate: securities transactions." *Foy*, 186 Ariz. at 156, 920 P.2d at 36.

### b. The Six–Year Time Bar

■ The trial court also ruled that § 15 of the Code bars arbitration of some of the transactions Staley handled. Shahan contends that any such ruling falls within the arbitrator's province. We agree. Section 15 bars any "dispute, claim, or controversy ... eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim, or controversy." Section 35 of the Code provides that "arbitrators shall be empowered to interpret and determine the applicability of all provisions under this Code and to take appropriate action to obtain compliance with any ruling by the arbitrator(s)." Because we find nothing in the Code that removes § 15 from the scope of § 35, we agree with the following statement in *FSC Securities Corp. v. Freel*, 14 F.3d 1310, 1313 (8th Cir.1994): "In no uncertain terms, section 35 commits interpretation of all provisions of the NASD Code to the arbitrators.... [W]e see no reason not to apply section 35 to the arbitrators' decision regarding the application of section 15." *Accord PaineWebber Inc. v. Bybyk*, 81 F.3d 1193 (2d Cir.1996) (construing New York law). While some federal and state courts have reached a contrary result, *see* C. Thomas Mason III, *Six–Year Eligibility Rule: State of the Controversy and Survey of Circuits*, 949 PLI/Corp 681 (July–August 1996), we believe that Arizona policy favoring arbitration requires us to resolve the issue in favor of the arbitrator. *See City of Cottonwood v. James L. Fann Contracting*, 179 Ariz. 185, 877 P.2d 284 (App.1994).

### c. Waiver

■ We now examine whether Shahan waived his right to arbitrate. The "waiver of an arbitration agreement[ ] is generally not favored, and the facts of each case must be considered in light of the strong policy approving of arbitration." *Meineke v. Twin City Fire Ins. Co.*, 181 Ariz. 576, 581, 892 P.2d 1365, 1370 (App.1994). "[P]roof of waiver requires showing conduct inconsistent with the arbitration remedy. Inconsistency usually is found when one party engages in conduct preventing arbitration, proceeds at

all times in disregard of arbitration, expressly agrees to waive arbitration, or unreasonably delays requesting arbitration." *Cottonwood*, 179 Ariz. at 190–91, 877 P.2d at 289–90 (citations and footnote omitted). Here, the trial court found inconsistent conduct from Shahan's decision to "file suit and wait a significant amount of time in addition before requesting arbitration."

A party does not always waive arbitration merely by filing a lawsuit before requesting arbitration. *Meineke.* Rather, a party generally waives arbitration by seeking "redress through the courts, in lieu of the arbitration tribunal, and ask[ing] the court for exactly the same type of relief (i.e., damages), which an arbitrator is empowered to grant...." *Bolo Corp. v. Homes & Son Construction, Co.,* 105 Ariz. 343, 347, 464 P.2d 788, 792 (1970). "Waiver occurs when a party relinquishes a known right or exhibits conduct that clearly warrants inference of an intentional relinquishment." *Meineke,* 181 Ariz. at 581, 892 P.2d at 1370. *See also Rancho Pescado, Inc. v. Northwestern Mut. Life Ins. Co.,* 140 Ariz. 174, 680 P.2d 1235 (App.1984); *EFC Develop. Corp. v. F.F. Baugh Plumbing and Heating, Inc.,* 24 Ariz. App. 566, 540 P.2d 185 (1975).

Here, Shahan filed his petition against both Staley, who is subject to arbitration under the Code, and Echols, who is not. Shahan reasonably chose not to pursue his claims in two distinct fora, that is, he opted not to simultaneously arbitrate against Staley and to litigate against Echols. Once Echols filed a bankruptcy petition, however, and Shahan found himself proceeding against only Staley, Shahan promptly requested arbitration. In denying the request, the trial court gave undue weight to the finding in *Cottonwood* that arbitration had not been waived in that case because Fann, the party seeking arbitration, had not filed a lawsuit. That finding was simply one of many that supported Fann's right to arbitration. Given the facts before us here, we do not find Shahan's actions inconsistent with the alternative remedy of arbitration. The trial court therefore erred by denying his motion to compel.

Staley also argues that the length of time Shahan waited before moving for arbitration compels a finding that he waived the right to it. The trial court did not find waiver on this ground, nor do we. In any event, timeliness is an issue for the arbitrator. *Cottonwood.*

Moreover, we note that Staley has failed to demonstrate prejudice, a factor in assessing whether arbitration has been waived by untimeliness. *See Cottonwood.* Prejudice and, hence, waiver can be shown by significant participation in litigation. *E.g., Northland Ins. Co. v. Kellogg,* 897 P.2d 1161 (Okla.App.1995) (plaintiff waived arbitration by filing petition, moving for summary judgment, and making discovery requests, putting defendant to considerable effort); *Shimote v. Vincent,* 905 P.2d 71 (Haw.Ct.App. 1995) (defendant waived arbitration by litigating for six years). Here, the only activity that has occurred since Staley answered the petition is that he filed a disclosure statement and was deposed. We find that such limited discovery, even though generally unavailable in arbitration, fails to show sufficient prejudice to warrant finding waiver.

For the reasons stated above, we remand with instructions that the trial court stay the surcharge proceedings and order the parties to NASD arbitration. Shahan will be awarded attorney's fees on appeal upon compliance with Rule 21(c), Ariz.R.Civ.App.P., 17B A.R.S.

ESPINOSA, P.J., and HATHAWAY, J., concur.