IN THE COURT OF APPEALS
STATE OF ARIZONA

FILED BY CLERK

DEC 22 2010

COURT OF APPEALS
DIVISION TWO

In the Matter of the Estate of )
FRANCES CORTEZ, )
  )
Deceased. )
  )
_____ )
  )
JUANITA CORTEZ, Personal ) 2 CA-CV 2010-0071
Representative of the Estate of FRANCES ) DEPARTMENT B
CORTEZ, on behalf of the ESTATE OF )
FRANCES CORTEZ; and JUANITA ) O P I N I O N
CORTEZ, individually and on behalf of )
FRANCES CORTEZ's statutory )
beneficiaries pursuant to A.R.S. )
§ 12-612(A), )
  )
Plaintiffs/Appellants, )
  )
v. )
  )
AVALON CARE CENTER TUCSON, )
L.L.C., a Utah limited liability company, )
dba LA COLINA CARE CENTER; )
AVALON HEALTH CARE OF )
ARIZONA, L.L.C., a Utah limited )
liability company; AVALON HEALTH )
CARE CENTERS, L.L.C., a Utah limited )
liability company; AVALON HEALTH )
CARE MANAGEMENT OF ARIZONA, )
L.L.C., a Utah limited liability company; )
HERITAGE MANAGEMENT, INC., a )
Utah corporation; AVALON HEALTH )
CARE, INC., a Utah corporation; and )
PATRICIA TORRINGTON, )
Administrator, )
  )
Defendants/Appellees. )
_____ )

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C20077278

Honorable Javier Chon-Lopez, Judge
Honorable Ted B. Borek, Judge

REVERSED AND REMANDED

---

Law Office of Scott E. Boehm
  By Scott E. Boehm                                        Phoenix

       and

Wilkes & McHugh, P.A.
  By Melanie L. Bossie and Elizabeth A. Gilbert            Phoenix
                       Attorneys for Plaintiffs/Appellants

Bowman and Brooke LLP
  By Jill S. Goldsmith and Courtney A. Parecki            Phoenix
                     Attorneys for Defendants/Appellees

---

E C K E R S T R O M, Judge.

¶1       Juanita Cortez, in her individual capacity and as the personal representative of her deceased mother's estate, appeals from the trial court's order granting the motion to compel arbitration filed by appellees Avalon Care Center Tucson, L.L.C., doing business as La Colina Care Center; Avalon Health Care of Arizona, L.L.C.; Avalon Health Care Centers, L.L.C.; Avalon Health Care Management of Arizona, L.L.C.; Heritage Management, Inc.; Avalon Health Care, Inc.; and Patricia Torrington (collectively "Avalon"). Juanita argues the trial court erred in granting the motion because Avalon waived or repudiated the arbitration agreement and because the

2

agreement is otherwise unenforceable.[1]  Because we conclude Avalon waived the right to enforce the agreement, we reverse the trial court's ruling on the motion and judgment dismissing the case with prejudice, and we remand the case to the trial court for further proceedings.[2]

## Factual and Procedural Background

**¶2**        Frances Cortez was admitted to the La Colina nursing home in December 2005 and resided there until her death two months later.  In December 2007, her daughter, Juanita, filed a complaint against Avalon, alleging negligence, abuse or neglect of a vulnerable adult, and wrongful death.  Avalon answered the complaint in March 2008.  Nearly one year later, in February 2009, Avalon moved to dismiss the complaint and compel arbitration.  Avalon maintained it had not discovered before then the arbitration agreement Frances's husband had signed shortly after her admission to La Colina.  After an evidentiary hearing, the trial court granted Avalon's motion, concluding Avalon had "not repudiate[d] its rights to enforce the arbitration agreement because it filed its motion to compel arbitration as soon as it found the arbitration agreement in its files," and the agreement otherwise was enforceable.[3]  This appeal followed.[4]

---

[1]Although the terms "waiver" and "repudiation" technically have distinct meanings, *see Black's Law Dictionary* 1330, 1611 (8th ed. 2004), they have been used interchangeably by courts in the context of arbitration agreements.  *E.g.*, *Foy v. Thorp*, 186 Ariz. 151, 153, 920 P.2d 31, 33 (App. 1996).  For the sake of simplicity, we have used the term "waiver" throughout the decision whenever possible.

[2]Judge Borek signed the final judgment in this case due to a bench rotation at Pima County Superior Court but did not rule on the merits of the issues before us.

[3]We need not discuss the trial court's other reasons for upholding the agreement in view of our resolution of this issue.

3

**Discussion**

¶3        Juanita argues Avalon "waived or repudiated [the arbitration agreement] by failing to disclose it or file the motion to compel arbitration until more than a year after the lawsuit was filed." Whether conduct amounts to waiver of the right to arbitrate is a question of law we review de novo. *See City of Cottonwood v. James L. Fann Contracting, Inc*., 179 Ariz. 185, 189 n.2, 877 P.2d 284, 288 n.2 (App. 1994); *Rancho Pescado, Inc. v. Nw. Mut. Life Ins. Co*., 140 Ariz. 174, 180, 680 P.2d 1235, 1241 (App. 1984). Public policy favors arbitration and thus, the burden is heavy on the party seeking to prove waiver of an agreement to arbitrate. *Rancho Pescado*, 140 Ariz. at 181, 680 P.2d at 1242.

¶4        Section 12-1501, A.R.S., provides:

> A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract.

Pursuant to this provision, a party can waive the right to enforce an arbitration agreement. *Forest City Dillon, Inc. v. Superior Court*, 138 Ariz. 410, 412, 675 P.2d 297, 299 (App. 1984); *accord Bolo Corp. v. Homes & Son Constr. Co.*, 105 Ariz. 343, 345, 464 P.2d 788, 790 (1970). Waiver of a contract right can be by an express and intentional relinquishment or by conduct that "warrants an inference of such an intentional

_____

[4]Because the dismissal of Juanita's complaint and the order compelling arbitration was a final judgment pursuant to Rule 54(b), Ariz. R. Civ. P., we have jurisdiction over the appeal. *See Ruesga v. Kindred Nursing Ctrs., L.L.C.*, 215 Ariz. 589, ¶ 15, 161 P.3d 1253, 1258 (App. 2007).

4

relinquishment." *Am. Cont'l Life Ins. Co. v. Ranier Constr. Co.*, 125 Ariz. 53, 55, 607 P.2d 372, 374 (1980); *accord Meineke v. Twin City Fire Ins. Co*., 181 Ariz. 576, 581, 892 P.2d 1365, 1370 (App. 1994) ("It is well-established . . . that a party to a contract may waive its right to enforce an arbitration agreement by its conduct."). Establishing waiver of an arbitration agreement by conduct requires "the showing of conduct inconsistent with the utilization of the arbitration remedy—conduct showing an intent not to arbitrate." *EFC Dev. Corp. v. F.F. Baugh Plumbing & Heating, Inc*., 24 Ariz. App. 566, 569, 540 P.2d 185, 188 (1975); *accord Am. Cont'l Life Ins. Co.*, 125 Ariz. at 55, 607 P.2d at 374. Examples of such inconsistent acts include a party preventing arbitration, proceeding in contradiction of the arbitration agreement, or unreasonably delaying the assertion of the right to arbitrate. *EFC Dev. Corp.*, 24 Ariz. App. at 569, 540 P.2d at 188.

¶5 In *Bolo*, our supreme court held a party had waived by its conduct the right to arbitrate by filing a lawsuit in which it requested the same kind of relief it could have gained from arbitration. 105 Ariz. at 346-47, 464 P.2d at 791-92. Therein, the court suggested the filing of an answer under the same circumstances without asserting the right to arbitrate also would result in waiver of the arbitration agreement. *See id.* at 346, 464 P.2d at 791 (relying on out-of-state cases so holding); *accord* R.P. Davis, Annotation, *Waiver of Arbitration Provision in Contract*, 161 A.L.R. 1426 (1946) (defendant's conduct in filing answer without demanding arbitration "is clearly inconsistent" with an intent to arbitrate and "generally constitutes a waiver"). Since then, in the analogous context of insurance contract appraisal clauses, this court, relying on *Bolo*, concluded the defendant had waived the right to enforce the appraisal clause by

5

failing to request appraisal at the same time it filed its answer, even though it had reserved the right to demand arbitration or appraisal in its answer and demanded appraisal ten days later. *Meineke*, 181 Ariz. at 582, 892 P.2d at 1371. Additionally, our supreme court recently has noted: "It is widely recognized that even when a dispute is subject to arbitration, that right may be waived by a party who participates substantially in litigation without promptly seeking an order from the court compelling arbitration." *City of Phoenix v. Fields*, 219 Ariz. 568, n.4, 201 P.3d 529, 536 n.4 (2009).

¶6        Here, not only did Avalon fail to request arbitration in its answer, but it also made no reservation of the right to arbitrate and waited nearly a year after filing the answer to demand arbitration. An assertion that arbitration is mandatory is an affirmative defense to a complaint. *See* Ariz. R. Civ. P. 8(c). It is well established that any defense not set forth in an answer or pre-answer motion to dismiss is waived. *Fields*, 219 Ariz. 568, ¶ 27, 201 P.3d at 535. Even when a party preserves an affirmative defense in its answer, however, "it may waive that defense by its subsequent conduct in the litigation." *Id.* ¶ 29; *see also Jones v. Cochise County*, 218 Ariz. 372, ¶ 29, 187 P.3d 97, 106 (App. 2008) (finding county waived notice of claim defense as matter of law by its significant participation in litigation). Here, Avalon not only failed to assert any contractual right to arbitrate in its answer, it also participated substantially in the litigation and thereby exhibited additional conduct inconsistent with enforcing the agreement. It demanded a jury trial, conducted discovery, and participated in a comprehensive pretrial conference. And Juanita repudiated the arbitration agreement by filing her complaint. *See Bolo*, 105 Ariz. at 347, 464 P.2d at 792. Once Avalon had demonstrated conduct wholly

6

inconsistent with arbitration, it "acquiesce[d] in the waiver thereby making the revocation complete and binding on both." *Id.* at 345, 464 P.2d at 790.

¶7        Avalon contends *Bolo* is inapplicable to this case because the plaintiff in that case was aware of the arbitration agreement when it filed the complaint, *see id.* at 344, 464 P.2d at 789, whereas Avalon allegedly was unaware of the arbitration agreement when it answered the complaint as it had not yet located Frances's administrative file. Avalon emphasized at oral argument that traditional notions of waiver require the intentional relinquishment of a known right. *See James L. Fann Contracting*, 179 Ariz. at 191, 877 P.2d at 290. Avalon therefore asserts that, because it did not know about the arbitration agreement until it found the file, it could not have waived the right to arbitrate by its conduct preceding that discovery.

¶8        No Arizona court has specified the level and type of knowledge necessary to waive a contractual right to arbitration. However, a majority of courts from other jurisdictions have followed the longstanding rule that constructive knowledge is sufficient for the waiver of a contractual right, such as arbitration. *See, e.g.*, *Infinity Design Builders, Inc. v. Hutchinson*, 964 So. 2d 752, 756 (Fla. Dist. Ct. App. 2007); *Bros. Jurewicz, Inc. v. Atari, Inc.*, 296 N.W.2d 422, 428-29 (Minn. 1980); *Hoffman v. Wheeling Sav. & Loan Ass'n*, 57 S.E.2d 725, 735 (W. Va. 1950). Constructive knowledge "refer[s] to knowledge that 'one using reasonable care or diligence should have, and therefore that is attributed by law to a given person.'" *Bridgestone/Firestone N. Am. Tire, L.L.C. v. A.P.S. Rent-A-Car & Leasing, Inc.*, 207 Ariz. 502, ¶ 58, 88 P.3d 572, 586 (App. 2004), *quoting Black's Law Dictionary* 876 (7th ed. 1999).

7

¶9　　　　The record before us shows that Avalon had, at the least, constructive knowledge of the arbitration agreement: the admissions coordinator testified the same arbitration agreement is presented to every patient admitted to La Colina and the majority of them agree to sign it. In addition, as Avalon acknowledged in its answer, Frances had signed the same agreement during a previous stay at La Colina. Thus, the record suggests that with reasonable care and diligence, Avalon should have located the document in its own possession and ascertained whether it had the right to arbitration in this case.

¶10　　　　Moreover, the admissions coordinator at La Colina undisputedly signed the arbitration agreement that Avalon seeks to enforce, which demonstrates beyond question that she had knowledge of the existence of the agreement at the time it was signed, *see In re Estate of Henry*, 6 Ariz. App. 183, 186, 430 P.2d 937, 940 (1967) (competent persons, "as a matter of law," know contents of agreements they sign), and that knowledge can be imputed to Avalon, her employer. *See Manley v. Ticor Title Ins. Co. of Cal.*, 168 Ariz. 568, 572, 816 P.2d 225, 229 (1991) (stating general rule that knowledge acquired by agent in course of employment imputed to principal). Accordingly, Avalon had sufficient knowledge, whether actual or constructive, of its right to arbitration to have waived it.

¶11　　　　Avalon emphasizes that Juanita has not shown she suffered prejudice by its failure to demand arbitration until February 2009, contending such a showing is necessary to overturn the trial court's ruling here. But in Arizona a showing of prejudice has been required only when a party is attempting to prove waiver specifically on the ground of unreasonable delay. *See, e.g.*, *James L. Fann Contracting*, 179 Ariz. at 191,

8

877 P.2d at 290. We find no requirement in *Bolo* or *Meineke* that the party opposing arbitration must prove prejudice in addition to showing conduct inconsistent with an intent to arbitrate, such as the filing of a complaint or answer. *See Bolo*, 105 Ariz. at 346, 464 P.2d at 791 (recognizing distinction between waiver based on unreasonable delay and waiver based on other inconsistent conduct); *Meineke*, 181 Ariz. at 581-82, 892 P.2d at 1370-71 (same). Thus, Juanita need not have shown she suffered prejudice in order to prove Avalon waived its right to arbitrate by its substantial participation in litigation.

¶12 But, in any event, Juanita is also entitled to relief based on Avalon's unreasonable delay in asserting arbitration because she has shown she suffered prejudice by the untimeliness of Avalon's demand. She had conducted and participated in significant discovery, filed a joint pretrial memorandum, participated in a comprehensive pretrial conference, and the court had set the trial date.[5] *See In re Noel R. Shahan Irrevocable & Inter Vivos Trust*, 188 Ariz. 74, 78, 932 P.2d 1345, 1349 (App. 1996) (prejudice sufficient for waiver based on unreasonable delay "can be shown by significant participation in litigation"); *James L. Fann Contracting*, 179 Ariz. at 191, 877 P.2d at 290 (indicating prejudice from delay involves being misled by or detrimentally relying on delaying party's acts or omissions); *see also Mitsui & Co. (USA) v. C&H Refinery, Inc.*, 492 F. Supp. 115, 119 (N.D. Cal. 1980) (implying finding of prejudice

---

[5]Avalon's contention only minimal discovery had been conducted at the time it demanded arbitration is belied by the record. Avalon had served Juanita with requests for production, requests for admission, and non-uniform interrogatories, to which she had responded. Juanita had served Avalon with her initial disclosure statement and several supplemental statements, requests for production and admissions, as well as non-uniform interrogatories, and had moved to compel Avalon's responses to some of these requests. She also had filed the affidavits of her proposed medical experts.

9

supported if pleadings fully joined, significant discovery conducted, parties participated in pretrial conference, and trial date set). Not only did Juanita suffer the financial burden of potentially unnecessary litigation, but her efforts to secure compensation arising from her mother's death have been delayed now for nearly two years due to Avalon's motion to compel arbitration.

¶13 Avalon argues that Juanita has not suffered prejudice from such litigation because the case preparation that had occurred as a result could be marshaled at the arbitration hearing. But our state's jurisprudence favoring arbitration as a method of resolving disputes is anchored in the assumption that arbitration and conventional trial litigation are not equally expeditious and inexpensive processes for the parties. *See Rancho Pescado*, 140 Ariz. at 182-83, 680 P.2d at 1243-44 (arbitration favored as "expeditious and inexpensive method of dispute resolution"). We therefore decline to accept Avalon's suggestion that Juanita endured no additional expense or delay in having pursued litigation in preparation for trial for nearly a year.

¶14 Finally, Avalon argues public policy favors arbitration. *See Clarke v. ASARCO Inc.*, 123 Ariz. 587, 589, 601 P.2d 587, 589 (1979). Our supreme court, however, has acknowledged that this public policy gives way when one party "'waive[s] or destroy[s] by his conduct his right to insist upon arbitration.'" *Bolo*, 105 Ariz. at 345, 464 P.2d at 790, *quoting United Paper Mach. Corp. v. DiCarlo*, 241 N.Y.S.2d 711, 713 (App. Div. 1963). As discussed, the primary incentive to arbitrate is that it is "an expeditious and inexpensive method of dispute resolution." *Rancho Pescado*, 140 Ariz. at 182-83, 680 P.2d at 1243-44. In light of those attributes, this court has recognized that

10

to enforce an arbitration agreement after the parties have engaged in lengthy, costly litigation "would abrogate the strong policy behind arbitration." *Id.*; *see also Meineke*, 181 Ariz. at 582, 892 P.2d at 1371. Here, the opportunity to reap the benefit of arbitration—an expeditious and inexpensive resolution of the dispute—has long since passed. We therefore see little logic in allowing the arbitration to proceed in this case after both parties and the court have expended significant time and resources litigating the case.

**Disposition**

¶15 Because Juanita has demonstrated Avalon waived its right to enforce arbitration, we reverse the trial court's ruling and remand the case for further proceedings consistent with this decision.

/s/ *Peter J. Eckerstrom*

PETER J. ECKERSTROM, Judge

CONCURRING:

/s/ *Garye L. Vásquez*

GARYE L. VÁSQUEZ, Presiding Judge

/s/ *Virginia C. Kelly*

VIRGINIA C. KELLY, Judge

11