NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

PATRICK DALLABETTA and PAMELA DALLABETTA,
husband and wife, *Plaintiffs/Appellees*,

*v.*

JERRY D. DEPPEN AND CONNIE K. KRABER-DEPPEN,
husband and wife, *Defendants/Appellants*.

No. 1 CA-CV 18-0458
FILED 10-22-2019

Appeal from the Superior Court in Yuma County
No. S1400CV201600084
The Honorable John P. Plante, Judge

**AFFIRMED**

COUNSEL

Schneider & Onofry, P.C., Yuma
By Charles D. Onofry, Luane Rosen
*Counsel for Plaintiff/Appellant*

Law Office of Phil Hineman, P.C., Yuma
By Phil Hineman
*Counsel for Defendants/Appellants*

---

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge Paul J. McMurdie joined.

---

**T H U M M A**, Judge:

¶1 Defendants Jerry D. Deppen and Connie K. Kraber-Deppen (the Deppens) appeal from the denial of their motion to set aside a final judgment entered against them after they failed to participate in compulsory arbitration. Because the arbitrator properly found for plaintiffs Patrick and Pamela Dallabetta on liability and damages, the superior court correctly denied the motion seeking to set aside that portion of the final judgment. Because the Deppens have failed to show any error, the judgment is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2 In April 2015, the Deppens agreed to purchase the Dallabettas' home for $650,000. The parties signed a purchase contract agreeing that the Deppens would deposit $50,000 in earnest money in an escrow account, with the remainder to be paid in cash by a May 8, 2015 close of escrow deadline. If the Deppens did not pay the purchase price by that deadline, the contract provided the $50,000 earnest money deposit was the liquidated damages amount the Dallabettas would recover.

¶3 After the parties signed the contract, the Deppens' real estate agent "represented to the Dallabettas that the Deppens had written a check for $50,000 and that it would be deposited with the title company." Later, after the Dallabettas began preparing to move, the Deppens' real estate agent "informed them that the Deppens had not actually paid the $50,000 earnest money, but that they were in the process of getting the money from the bank and that it would be deposited shortly." Ultimately, the Deppens never deposited the $50,000 into an escrow account. The Deppens then refused to comply with the terms of the contract, escrow did not close by the May 8, 2015 deadline, and the sale never took place.

¶4            In February 2016, the Dallabettas sued the Deppens,[1] alleging breach of contract and other theories, claiming (among other things) the failure to pay the $50,000 in earnest money was a material breach of the contract. Confirming they sought $50,000, the Dallabettas certified the amount in controversy did not exceed the $50,000 limit for compulsory arbitration. Yuma County Local Rule 10(A) (2019);[2] *see also* Ariz. R. Civ. P. 72-77. The Deppens, who represented themselves during the relevant superior court proceedings, filed a timely answer in February 2016**.** The superior court then appointed an arbitrator.

¶5            In late March 2017, the Dallabettas moved to strike the Deppens' answer, claiming the Deppens had failed to make any Rule 26.1 disclosures and ignored repeated requests to do so. The court set a May 8, 2017 hearing on the motion. When the Deppens failed to respond to the motion to strike, the Dallabettas sought summary disposition of the motion to strike. *See* Ariz. R. Civ. P. 7.1(b).

¶6            On April 28, 2017, the arbitrator gave the Deppens "30 days from the date of this order to comply with their Rule 26.1 disclosure obligations," adding that if they failed to do so "their Answer will be stricken." A week later, the court denied the Dallabettas' request for summary disposition. At the May 8, 2017 court hearing on the motion to strike, the Deppens failed to appear, and, after hearing from counsel for the Dallabettas, the court vacated the hearing, adding that "if the matter is not resolved [by the arbitrator], it can be brought back before the Court."

¶7            When the Deppens failed to provide any disclosure as ordered by the arbitrator, on June 1, 2017, the Dallabettas filed a renewed motion to strike the Deppens' answer and request to enter the arbitration award. The Deppens never responded to this motion. Later in June 2017, the arbitrator issued an award noting the Deppens' answer was stricken, entering an award in favor of the Dallabettas and against the Deppens for the principal amount of $50,000, $322 in taxable costs and $7,500 in attorneys' fees, plus interest. The Deppens did not appeal the award. In August 2017, the court granted the Dallabettas' motion for entry of judgment on the arbitration award.

---

[1] The Dallabettas also sued the Deppens' real estate agent and her employer, later settling with those defendants, who are not parties to this appeal.

[2] Absent material revisions after the relevant dates, statutes cited refer to the current version unless otherwise indicated.

**¶8** When the Deppens did not pay the judgment, in December 2017, the Dallabettas applied for writs of garnishment against the Deppens. In January 2018, counsel for the Deppens filed a notice of appearance and a motion to set aside the arbitration award, claiming the June 2017 award was beyond the arbitrator's authority. After full briefing and a hearing, the court denied the motion, concluding it was untimely, there was no timely challenge to the arbitration award and the judgment was valid. After additional briefing, the court issued a final judgment denying the motion to set aside and awarding the Dallabettas an additional $3,364.50 in attorneys' fees. This court has jurisdiction over the Deppens' timely appeal pursuant to Ariz. Rev. Stat. (A.R.S.) section 12-2101(A)(2)

## DISCUSSION

**¶9** On appeal, the Deppens press three arguments: (1) the Dallabettas failed to comply with procedural prerequisites to filing the suit and moving to strike their answer; (2) the arbitrator exceeded his authority by striking their answer and entering an award against them; and (3) the superior court failed to hold a hearing before entering the judgment confirming the arbitration award. The Dallabettas argue with some force that the Deppens' appeal from an amended order denying their motion to set aside the judgment pursuant to Rule 60, but fail to address that Rule 60 order. It is true the Deppens' arguments on appeal cut straight to the merits of the arbitration award and the judgment confirming that award. That said, given the unique procedural history of this case and the issues involved, this court addresses the merits of the Deppens' arguments on appeal.

**I. The Deppens Waived Any Argument That The Dallabettas Failed To Comply With The Alternative Dispute Resolution Requirement In The Contract And That Their Motion To Strike Was Procedurally Improper.**

**¶10** The parties' contract contains an alternative dispute resolution (ADR) provision, in which they agreed to mediate, and if that did not prove successful, then arbitrate any dispute arising out of the contract. No such ADR activity occurred. Accordingly, the Deppens argue, the Dallabettas "should have been estopped from moving forward with their complaint until they complied with the mediation clause." Having failed to timely invoke that ADR process and having failed to press that argument at any point before entry of judgment in the superior court, the Deppens have waived such an argument. *See, e.g., Continental Lighting & Contracting, Inc. v. Premier Grading & Utils., LLC*, 227 Ariz. 382, 386 ¶ 12

4

(App. 2011); *In re Estate of Cortez*, 226 Ariz. 207, 211 ¶¶ 5-6 (App. 2010); *Schurgin v. Amfac Elec. Distribution Corp.*, 182 Ariz. 187, 190 (App. 1995).

¶11 The Deppens also assert, for the first time on appeal, the Dallabettas' motion to strike, filed in mid-2017, was improper because it did not attach a "good faith consultation certificate." Ariz. R. Civ. P. 7.1(h).[3] In pressing this argument, the Deppens do not dispute the statements in that motion that they had "actively ignored undersigned counsel" for the Dallabettas. Moreover, by failing to raise this argument in a timely manner, it is waived on appeal. *Continental Lighting*, 227 Ariz. at 386 ¶ 12; *Schurgin*, 182 Ariz. at 190.

## II. The Deppens Have Not Shown The Arbitrator Exceeded His Authority By Striking Their Answer And Entering An Award.

¶12 The Deppens argue by striking their answer and entering an award, the arbitrator granted a motion to dismiss or for summary judgment, which exceeded the arbitrator' authority. *See* Ariz. R. Civ. P. 74(d)(1)(C), (E). Not so. Unless otherwise specified, the arbitrator has the authority to "make all legal rulings," including "ruling on discovery motions." Ariz. R. Civ. P. 74(d)(1), (3). Because the motion to strike, filed pursuant to Rule 37, was neither a motion to dismiss nor a motion for summary judgment, the arbitrator had the authority to rule on that motion.

¶13 The Deppens argue "[t]he Arbitrator improperly ruled on [Dallabetta]'s motion to strike and request for summary disposition [when the Deppens failed to respond to the motion to strike] to default and dismiss the [Deppens'] ability to participate to any extent in the arbitration." This argument fails for two reasons: (1) the arbitrator properly ruled on the motion to strike given the Deppens' failure to provide any Rule 26.1 disclosures and failure to respond to the motion and (2) the Deppens could have appealed the arbitration award but failed to do so. *See* Ariz. R. Civ. P. 77.

¶14 The Deppens contend before the answer could be stricken, an evidentiary hearing had to be held and there had to be an express "finding that the party was responsible for noncompliance." The Deppens, however,

---

[3]Although non-compliance with Rule 7.1(h) was briefly mentioned by counsel for the Deppens during oral argument on the motion to set aside the judgment, this argument was neither developed before that court, nor raised in the motion itself, which was insufficient to preserve the issue for appeal. *See Continental Lighting*, 227 Ariz. at 386 ¶ 12.

were self-represented at the time. Accordingly, no "culprit" hearing was necessary to determine whether the inaction was attributed to the Deppens or their counsel. *See Hammoudeh v. Jada*, 222 Ariz. 570, 572 ¶ 7 (App. 2009) ("Although an evidentiary hearing may often be necessary to determine whether responsibility for obstructing discovery lies with the party or with his counsel, such a hearing is not required when the facts are apparent from the record."). For these same reasons, the Deppens have not shown the process used by the arbitrator and the superior court — which the Deppens refused to participate in — denied them their due process rights or resulted in a disproportionate consequence.

## III. The Judgment Was Not A Default Judgment.

¶15         The Deppens argue the judgment "amounted to a default judgment" under Rule 55, meaning the superior court was required to hold a hearing before its entry because the complaint did not allege "a sum certain" for damages and "legal fees and costs are not stated for a specific sum if a default is rendered." The judgment, however, was not entered as a result of an entry of default under Rule 55. Instead, the Dallabettas moved for entry of judgment on the arbitration award, after the Deppens failed to appeal from that award and the time to do so had passed. *See* Ariz. R. Civ. P. 77(b) (allowing for 20 days to appeal from arbitration award); *id.* at 76(d) ("If no appeal is filed by the deadline for filing an appeal under Rule 77(b), any party may file a motion to enter judgment on the [arbitration] award."). The superior court then granted the Dallabettas motion for entry of judgment on the arbitration award after the Deppens failed to respond to that motion. And the relief in the judgment mirrors precisely the relief in the award. Because the judgment was not a default judgment, the Deppens' argument fails.

## IV. Attorneys' Fees On Appeal.

¶16         The Deppens request attorneys' fees incurred on appeal pursuant to A.R.S. §§ 12-341.01, 12-349 and 12-350. The Dallabettas request attorneys' fees incurred on appeal under the provisions of the contract and A.R.S. § 12-341.01. The contract provides that the "prevailing party in any dispute or claim" between the Deppens and the Dallabettas "shall be awarded their reasonable attorney fees and costs." Accordingly, the Deppens' request for attorneys' fees on appeal is denied. The Dallabettas' request for attorneys' fees on appeal is granted, and they also are awarded their taxable costs on appeal, all contingent upon their compliance with Ariz. R. Civ. App. P. 21.

**CONCLUSION**

¶17 The judgment is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA