NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

In re the Marriage of:

AJA RENEE PRINCE,
*Petitioner/Appellant*,

*v.*

JERMAINE AKEEM PRINCE,
*Respondent/Appellee*.

No. 1 CA-CV 19-0539 FC
FILED 6-18-2020

---

Appeal from the Superior Court in Maricopa County
No. FC2017-072327
The Honorable Lisa Ann VandenBerg, Judge

**AFFIRMED**

---

COUNSEL

Barr Law Firm PLLC, Scottsdale
By Christopher L. Barr
*Counsel for Petitioner/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Randall M. Howe and Chief Judge Peter B. Swann joined.

---

**T H U M M A**, Judge:

¶1       Aja Prince (Wife) appeals the superior court's entry of the decree of dissolution and an award of attorneys' fees to Jermaine Prince (Husband). Because Wife and Husband entered into a valid Arizona Rules of Family Law Procedure (ARFLP) 69 agreement leading up to the decree, and because Wife shows no reversible error, the decree and award of fees are affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2       After 12 years of marriage, Wife filed a petition for dissolution. Husband and Wife participated in a private mediation before a retired judge, in August 2018. During the mediation, the parties reached a full and final agreement, the terms of which were recounted on the record before the mediator.

¶3       The parties filed a stipulated notice of settlement and request to vacate trial. The court then placed the case on the inactive calendar. Husband filed a notice of lodging consent decree along with a transcript of the recording made before the mediator and a draft of the agreement that Wife refused to sign following the mediation. The recorded exchange with the mediator included the following:

> The mediator: So you understand there won't be a trial. You're waiving the right to have a trial?
>
> [Wife]: Uh-huh.
>
> The mediator: Has anyone forced or threatened you in any way to make you give up your right to go to trial?
>
> [Wife]: No, sir.

The mediator: Has anyone promised you anything other than what we've been talking about here on the record?

[Wife]: No, sir.

The mediator: And are you entering this of your own free will?

[Wife]: Yes, sir, I am.

The mediator: Voluntarily?

[Wife]: Yes, sir.

The mediator: And any questions you wanted to ask me or Terry before you agreed to the disposition that we've talked about?

[Wife]: No. I'm very happy.

The mediator: And you believe this is in your best interests to do this rather than go to trial?

[Wife]: Yes, I do.

The mediator and Husband had an identical exchange.

¶4 Wife objected to the notice of lodging, arguing the parties had never entered into a binding ARFLP 69 agreement. Wife also filed a motion to set trial and certificate of readiness. Trial was set for June 2019. In response, Husband moved for summary judgment arguing the parties had entered into a binding ARFLP 69 binding agreement.

¶5 On the day of trial, the court found the parties had entered into a binding ARFLP 69 agreement but permitted Wife to argue why the agreement should be voided. After hearing oral argument and the testimony of several witnesses, including Husband and Wife, the court found that Wife failed to meet her burden of showing any defect in the agreement and upheld its validity by granting Husband's motion for summary judgment. The court awarded Husband his attorneys' fees and costs pursuant to ARFLP 69(b) and Arizona Revised Statutes (A.R.S.)

section 25-324 (2020).[1] Wife was sanctioned pursuant to ARFLP 71(a) and was required to pay Husband $1,000 to cover his costs paid for the mediation.

**¶6**     The court entered the consent decree in June 2019. This court has jurisdiction over Wife's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -1201(A)(1).

## DISCUSSION

**¶7**     On appeal, Wife raises four arguments: (1) the parties did not enter into a binding settlement agreement because the requirements of ARFLP 69 were not met; (2) accepting the consent decree violates contract principles; (3) the court improperly awarded Husband attorneys' fees; and (4) the court improperly ruled on Husband's motion for summary judgment. Although Husband's failure to file an answering brief could be deemed a concession of error, in the exercise of its discretion, this court will address the merits of the issues raised on appeal. *See Bugh v. Bugh*, 121 Ariz. 190, 191 (App. 1980).

**¶8**     Wife argues the mediator could not properly be appointed as a judge pro tem and Wife never signed or agreed to the decree's terms. In support of these arguments Wife cites to *Reeder v. Johnson*, 225 Ariz. 312 (App. 2010). Wife's reliance on *Reeder* is misplaced for two reasons. First, the Arizona Supreme Court ordered that opinion "shall not be published." *Reeder v. Johnson*, 226 Ariz. 262 (2011). Accordingly, *Reeder* is no longer binding authority. *See* Ariz. Sup. Ct. R. 111(c)(1)(C). Second, *Reeder* analyzed a version of ARFLP 69 that was no longer in effect at the time the parties here reached their agreement.

**¶9**     Contrary to Wife's argument that the superior court found the mediator to be a judge pro tem, the court properly determined the agreement's terms were recorded before a mediator. *See* ARFLP 69(a)(3). Wife is also incorrect in her assertion that she was required to sign the decree for it to become binding. Instead, the agreement became binding when Wife and Husband stated its terms "in an audio recording made before a mediator." *Id.* In this circumstance, a signed writing was not required by ARFLP 69.

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶10 Wife also argues that binding the parties to the agreement would violate contract principles because Wife did not agree, and Husband never intended to be bound. Because Wife did not raise this argument before the superior court, it is waived. *See, e.g.*, *Continental Lighting & Contracting, Inc. v. Premier Grading & Utils., LLC*, 227 Ariz. 382, 386 ¶ 12 (App. 2011); *In re Estate of Cortez*, 226 Ariz. 207, 211 ¶¶ 5-6 (App. 2010).

¶11 Wife contends the court erred in awarding attorneys' fees to Husband because none of the required elements to impose fees had been satisfied. This court reviews an award of fees for an abuse of discretion. *Quijada v. Quijada*, 246 Ariz. 217, 221–22 ¶ 13 (App. 2019). The court awarded Husband his fees and costs incurred in defending the validity of the agreement. ARFLP 69(c) permits the court to award fees and costs pursuant to A.R.S. § 25-324 for "maintaining or defending a challenge to the validity of an agreement." Wife cited no authority supporting her argument and does not show the court abused its discretion in awarding Husband fees. Accordingly, the award is affirmed.

¶12 Wife's last argument on appeal challenges whether the court properly could address Husband's motion for summary judgment at trial. However, "[m]erely mentioning an argument in an appellate opening brief is insufficient." *McMillian v. Schwartz*, 226 Ariz. 584, 591 ¶ 33 (App. 2011). Wife's failure to meaningfully argue this point means it is abandoned. *Id.*

**CONCLUSION**

¶13 The decree and the award of attorneys' fees to Husband are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA

5