NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CASTLE ROCK HOMES, LLC, *Plaintiff/CounterDefendant/Appellant*,

*v.*

BARBARA PERRY, et al., *Defendants/CounterClaimants/Appellees*.

No. 1 CA-CV 25-0678

FILED 04-20-2026

Appeal from the Superior Court in Maricopa County
No. CV2024-005948
The Honorable Melissa Iyer Julian, Judge

**AFFIRMED**

COUNSEL

Schern Richardson Finter, PLC, Mesa
By Aaron M. Finter and M. Rob Somers
*Counsel for Plaintiff/CounterDefendant/Appellant*

Guidant Law, PLC, Tempe
By Gary Michael Smith and Mark A. Hanson
*Counsel for Defendants/CounterClaimants/Appellees*

_____

**MEMORANDUM DECISION**

Judge Veronika Fabian delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Chief Judge Randall M. Howe joined.

_____

**F A B I A N**, Judge:

¶1        Castle Rock Homes, LLC ("Contractor") appeals the superior court's order denying its motion to compel arbitration of counterclaims asserted by Barbara Perry and Derek Hayes ("Owners"). Because Contractor waived its right to arbitrate, this Court affirms.

## FACTS AND PROCEDURAL HISTORY

¶2        Contractor offers residential design and contractor services. It provided labor, materials, equipment, and professional services to construct a single-family residence on Owners' property.

¶3        The parties entered two construction contracts, each containing the same arbitration provision:

> Should any dispute arise relative to the performance of this contract that the parties cannot resolve, the dispute shall be referred to a single arbitrator acceptable to the builder and the buyer. If the builder and the buyer cannot agree upon an arbitrator, the dispute shall be referred to the American Arbitration Association for resolution. All attorney fees that shall be incurred in the resolution of disputes shall be the responsibility of the party not prevailing in the dispute.

¶4        After construction of the Owners' residence, a dispute arose between the parties about alleged defects in the home and payment for Contractor's work.

¶5        Contractor filed a complaint in superior court alleging claims for (1) foreclosure of a materialmen's lien it had filed against the property and (2) unjust enrichment. A few days later, Owners' attorney wrote to Contractor's attorney asking whether Contractor intended to stay the lawsuit to invoke the arbitration clause. When Contractor did not, Owners answered and alleged ten counterclaims against Contractor, including breach of contract, breach of fiduciary duty, fraud, and wrongful lien.

Contractor filed an answer to the counterclaims but did not invoke arbitration.

¶6          One year later, Contractor filed a motion to dismiss Owners' counterclaims, arguing the court lacked subject matter jurisdiction because the parties' contract required them to arbitrate those claims. Owners asserted Contractor waived its right to invoke the arbitration provision by stipulating to a bench trial and substantially participating in the litigation. After filing a reply in support of the motion to dismiss, Contractor moved the superior court to stay the case until it ruled on the motion to dismiss, citing A.R.S. § 12-3007 and noting that the motion to dismiss was "in effect a motion to compel arbitration."

¶7          The superior court denied both motions, ruling that Contractor had waived any right to arbitration.

## JURISDICTION

¶8          As an initial matter, this Court addresses Owners' argument that this Court lacks jurisdiction over the appeal because the superior court's order denying Contractor's motion to dismiss is not appealable. *See Sorensen v. Farmers Ins. Co.*, 191 Ariz. 464, 465 (App. 1997) (appellate court has an "independent duty to determine whether it has jurisdiction to consider an appeal").

¶9          In June 2025, the superior court denied Contractor's motion to dismiss and motion to stay in an unsigned minute entry. This Court dismissed Contractor's appeal because unsigned rulings, as well as denials of motions to dismiss and motions to stay, are not appealable. Thereafter, the superior court issued a signed minute entry memorializing the June 2025 ruling and stating that Contractor's motion to dismiss was substantively a motion to compel arbitration. Contractor's appeal of the amended order forms the basis of this appeal.

¶10         Owners maintain this Court lacks jurisdiction because the superior court's denial of Contractor's motion to dismiss is not an appealable order. An order denying a motion to dismiss is not appealable, *Nowell v. Rees*, 219 Ariz. 399, 403 ¶ 10 (App. 2008); whereas, the denial of a motion to compel arbitration is appealable under A.R.S. § 12-2101.01(A)(1). This Court determines "the nature of a motion . . . by its substance and not by its title." *State ex rel. Corbin v. Tolleson*, 152 Ariz. 376, 380-81 (App. 1986).

¶11         In its motion to dismiss, Contractor stated that Owners' counterclaims "should be dismissed and the matter *referred to arbitration*."

(Emphasis added). Contractor also told the superior court that it "lacks subject matter jurisdiction over the dispute and *must compel* the parties to pursue their claims in arbitration." (Emphasis added). In addition, although Contractor did not cite the statute allowing the superior court to compel arbitration, *see* A.R.S. § 12-3007, every case it relied on in the motion concerned the grant or denial of a motion to compel arbitration. The motion to dismiss is fairly understood as asking the superior court to compel arbitration rather than simply dismiss Owners' counterclaims. Indeed, in their opposition to the motion, Owners noted "*until [Contractor's] instant motion*, [Contractor] never raised an issue about arbitration *nor sought its compulsion*," (emphasis added), thereby implicitly acknowledging they understood Contractor was asking the court to compel arbitration.

¶12        Despite its title, Contractor's motion to dismiss was substantively a motion to compel arbitration. *See Tolleson*, 152 Ariz. at 380-81. Accordingly, this Court has jurisdiction over this appeal under Article VI, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and 2101.01(A)(1).

## DISCUSSION

¶13        Contractor argues the superior court erred by finding that it waived the arbitration provision.[1]

¶14        Whether conduct amounted to a waiver of the right to arbitrate is a question of law this Court reviews *de novo* with deference to the findings of fact made by the superior court.[2] *See Duncan v. Pub. Storage, Inc.*, 253 Ariz. 15, 19 ¶ 10 (App. 2022). A party may waive its right to enforce an arbitration agreement by expressly relinquishing it or by exhibiting conduct that clearly warrants inference of an intentional relinquishment. *Meineke v. Twin City Fire Ins. Co.*, 181 Ariz. 576, 581 (App. 1994). Waiver is generally not favored, however, and this Court must consider the facts of

---

[1] Owners moved to supplement the record on appeal to include Contractor's cross-motion for summary judgment filed December 30, 2025. Because the superior court sent a supplemental record that included the cross-motion for summary judgment, this Court denies that motion as moot.

[2] Arizona courts have used both the terms "waiver" and "repudiation" when discussing relinquishment of the right to invoke an arbitration provision. *See, e.g.*, *Meineke v. Twin City Fire Ins. Co.*, 181 Ariz. 576, 580-81 (App. 1994). For clarity, this Court uses "waiver" throughout this decision.

the case "in light of the strong policy approving of arbitration." *Id.* "[T]he party seeking to prove waiver has the burden of proof." *Id.*

¶15 Conduct inconsistent with the arbitration remedy may be proof of waiver. *City of Cottonwood v. James L. Fann Contracting, Inc.*, 179 Ariz. 185, 190 (App. 1994). "Inconsistency is usually found from such conduct as preventing arbitration, making arbitration impossible, proceeding at all times in disregard of the arbitration clause, . . . or unreasonable delay." *EFC Dev. Corp. v. F.F. Baugh Plumbing & Heating, Inc.*, 24 Ariz. App. 566, 569 (1975). If waiver is based on unreasonable delay, there must also be a showing of prejudice. *In re Est. of Cortez*, 226 Ariz. 207, 212 ¶ 11 (App. 2010). However, prejudice is not required where waiver is based on conduct other than delay. *See id.*

¶16 "[E]ven when a dispute is subject to arbitration, that right may be waived by a party who participates substantially in litigation without promptly seeking an order from the court compelling arbitration." *City of Phoenix v. Fields*, 219 Ariz. 568, 575 ¶ 30 n.4 (2009). Indeed, the Arizona Supreme Court held in *Bolo Corp. v. Homes & Son Construction Co.* that a party waived its right to arbitrate by filing a lawsuit requesting the same relief it could have obtained from arbitration and suggested that filing an answer without demanding arbitration would also constitute a waiver of the arbitration agreement. 105 Ariz. 343, 346-47 (1970); *see also Meineke*, 181 Ariz. at 582 (noting that filing an answer without invoking arbitration "would nearly always indicate a clear [waiver] of the right to arbitrate"). This Court ruled in *In re Estate of Cortez* that a defendant who failed to request arbitration in its answer and then substantially participated in litigation for nearly a year had acted wholly inconsistent with enforcing the arbitration agreement, thereby waiving its right to do so. 226 Ariz. at 211 ¶ 6.

¶17 Here, Contractor replied to Owners' counterclaims in May 2024 without raising the parties' arbitration agreement and did not move to dismiss the counterclaims and compel arbitration for another year. During that time, the parties filed a joint report with a proposed case schedule agreeing the case would be ready for a seven-day bench trial by May 2025. The court adopted the proposed schedule and later held a Rule 16(d) scheduling conference where Contractor confirmed that it intended to waive its right to a jury trial. Contractor served its initial disclosure statement in August 2024.

¶18 Two months later, the parties jointly informed the superior court they were mediating their dispute and planned to submit a

stipulation to adjust the case schedule if they did not reach a settlement. They again updated the court on their mediation efforts in December 2024. In March 2025, Owners notified the court that the parties had not settled and requested the court enter an amended scheduling order extending the case deadlines to account for the time the parties spent pursuing mediation. Contractor did not oppose the request, and the court entered an amended scheduling order noting the parties had already exchanged initial disclosure statements and disclosed areas of expert testimony. Contractor then defended a Rule 30(b)(6) deposition in April 2025 before it filed the motion to dismiss later that month.

¶19 Contractor's participation in the litigation for a year was inconsistent with its assertion of its right to arbitrate Owners' counterclaims. *See id.*; *Bolo*, 105 Ariz. at 346; *Meineke*, 181 Ariz. at 582; *see also Rancho Pescado, Inc. v. Nw. Mut. Life Ins. Co.*, 140 Ariz. 174, 181-83 (App. 1984) (party's decision not to formalize and appeal from order denying its motion to compel arbitration and instead to proceed with trial was a "tactical decision not to arbitrate" and constituted a waiver of its right to arbitrate).

¶20 Contractor maintains that its participation in the litigation was "minimal" and insufficient to constitute a waiver of the arbitration provision. Noting that its involvement in discovery was limited to serving its initial disclosure statement and defending one deposition, Contractor argues this case is nearly identical to *In re Noel R. Shahan Irrevocable and Inter Vivos Trust*, in which this Court found the petitioner's actions were not inconsistent with arbitration. 188 Ariz. 74, 78 (1996).

¶21 The *Shahan* court's discussion of "limited discovery," however, occurred in the context of whether the petitioner had waived his right to arbitrate through unreasonable delay and prejudiced the respondent by causing him to engage in discovery that was unavailable in arbitration, not whether the petitioner's actions in the litigation were inconsistent with asserting a right to arbitration. *Id.* Further, the *Shahan* court determined that the filing of a petition in superior court was not inconsistent with arbitration because one of the respondents was not subject to arbitration. *Id.* Here, there was no party involved who was not subject to arbitration. Accordingly, *Shahan* does not prevent us from concluding that under these circumstances, Contractor's litigation activity was incompatible with its invocation of the arbitration provision.

¶22 This Court pauses here to address Contractor's repeated citation to *Smith v. Clouse Construction Co.*, 1 CA-CV 11-0482 (Ariz. App.

6

Oct. 30, 2012) (mem. decision), an unpublished memorandum decision that cannot be cited under Arizona Rule of the Supreme Court 111(c)(1). Although Contractor asserts it does not cite *Clouse* for precedential value, it repeatedly points to the case and improperly argues it is persuasive. For example, Contractor claims "[c]omparison of the *Clouse* case to this one would surely result in the Court ordering the parties to arbitrate." This Court admonishes counsel to read Arizona Rule of the Supreme Court 111(c)(1), which sets forth the limited circumstances in which an unpublished memorandum decision may be cited. In the future, such a blatant violation of Rule 111(c) may result in sanctions.

¶23        This Court is mindful of Arizona's strong policy approving of arbitration, but replying to counterclaims and participating in litigation for a year without invoking arbitration "clearly warrants inference of an intentional relinquishment." *Meineke*, 181 Ariz. at 582 ("Although arbitration is favored, the reasons for favoring it are to save the parties both time and expense and to spare judicial resources."). Under these circumstances, Contractor's conduct was wholly inconsistent with arbitration and therefore constituted a waiver of its right to arbitrate under the parties' agreement.[3] *See id.*; *Bolo*, 105 Ariz. at 346; *Cortez*, 226 Ariz. at 211 ¶ 6.

## ATTORNEY FEES AND COSTS

¶24        Contractor requests an award of attorney fees on appeal, citing A.R.S. § 12-341.01 and the attorney fees provisions in the parties' contracts. Owners request a fee award under A.R.S. § 12-341.01 and argue an award is also appropriate as a sanction pursuant to A.R.S. § 12-349(A) and Arizona Rule of Civil Appellate Procedure ("ARCAP") 25 because Contractor's appeal is frivolous and was filed solely for the purpose of delay.

¶25        Contractor has not prevailed on appeal, so its request is denied.

---

[3] Because this Court determines Contractor waived its right to arbitration by participating substantially in the litigation without asking the superior court to compel arbitration, this Court does not consider Owners' alternative arguments that Contractor expressly agreed to waive arbitration by stipulating to a bench trial or unreasonably delayed its assertion of the arbitration provision.

¶26  Because Owners have not shown that Contractor's appeal was without substantial justification (i.e., frivolous) or brought for purposes of delay or harassment, this Court denies their request for an award of fees under A.R.S. § 12-349 or ARCAP 25. However, because Owners are the prevailing parties on appeal, this Court awards them attorney fees pursuant to the parties' contract and costs on appeal upon compliance with ARCAP 21. *See Am. Power Prods., Inc. v. CSK Auto, Inc.*, 242 Ariz. 364, 368 ¶ 14 (2017) (express contractual provisions for attorney fees govern over A.R.S. § 12-341.01 to the extent contract conflicts with the statute).

## CONCLUSION

¶27  For the foregoing reasons, this Court affirms.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:  JR